FILED
JUL 1 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

**LAWERENCE BATTLE**  )
6920 100th Avenue  )
Seabrook, Maryland  )
301-731-4268  )

**Plaintiff**

CIVIL ACTION NUMBER _____

v.  )
  )
**NORMAN Y. MINETA**  )
Secretary of Transportation
400 7th street, S.W.
Washington, D.C. 20590

CASE NUMBER 1:05CV01412

JUDGE: James Robertson

**Defendant**

DECK TYPE: Employment Discrimination

**Serve:**

DATE STAMP: 07/15/2005

JURY ACTION

Chief, Compliance Operations Division (S-34)
Departmental Office of Civil Rights
Departmental of Transportation
400 7th Street, S.W., Room 2104
Washington, D.C. 20590

OR

Office of the Chief Counsel (AGC-30)
Federal Aviation Administration
U.S. Department of Transportation
800 Independence Ave., S.W.
Washington, D.C. 29591

The Honorable Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

**COMPLAINT**
(Discrimination in Employment – Disability, Reprisal and Race)

Plaintiff, **LAWERENCE BATTLE** ("Plaintiff"), bring this action pursuant to the Civil Rights Act of 1964, 42 USC §2000e, et. Seq., the Rehabilitation Act of 1973, 29 U.S.C. §701, et seq. ("Rehabilitation Act"), to redress deprivation of rights secured by federal law which prohibits discrimination against employees because of one's disability or perceived disability.

## JURIDICTION AND VENUE

1. This, Court has juridiction pursuant to 42 U.S.C. §§2000e-16(a) and (c), 29 U.S.C. §633a and 29 U.S. c. 794.

2. Plaintiff was at the time when Defendant assigned him a former employee workload in addition to his own workload working in the District of Columbia, and would have continued to work there, but for the unlawful and discriminatory acts of Defendant. Accordingly, venue properly lies with the United States District Court for the District of Columbia.

3. Plaintiff has exhausted all applicable administrative remedies. A final decision that no discrimination occurred was rendered; and decision was received by me on or about April 16, 2005.

4. Plaintiff **LAWERENCE BATTLE** (hereafter "Plaintiff" or Battle) is a citizen of the United States, domiciles and residing in Prince George's county, Maryland. At all times relevant to this Complaint, up to and including February 20, 2000, he was an employee of the U.S. Department of Transportation, Federal Aviation Administration as a Management and Program Analyst (FG-343-14, Step 10). Battle suffers from and has been under the care of health care professionals for anxiety disorder for a continuous period of several years, and his Generalized Anxiety Disorder substantially impairs his

ability to think and concentrate, and affect his other major life functions. Battle previously has engaged in protective civil rights activities against Defendant. Battle's race is African American.

5. Defendant **NORMAN Y. MINETA**, IS THE secretary of the U.S. Department of Transportation. At all times relevant to this Complaint up to and including February 20, 2000, the U.S. Department of Transportation, Federal Aviation Administration was Plaintiff's employer.

6. Plaintiff was assigned a former employer workload in addition to his own workload on February 16 and 17, 1999.

7. Plaintiff suffers from a generalized anxiety disorder.

8. Plaintiff was prior to Defendant assigning him a former employee workload in addition to his own workload under the continuous care of health care professionals for said generalized anxiety disorder; and has continued to be to the present time.

9. The U.S. Department of Transportation, Federal Aviation Administration at all times relevant to this Complaint knew of Plaintiff's condition and that he was under the care of health care professionals for such condition.

10. Because of his generalized anxiety disorder Plaintiff is significant limited in one or more major life activities. Further, Plaintiff has a record of such impairment and was regarded by defendant as having such an impairment.

11. Defendant knew, truly believed and agreed that the severity of Plaintiff medical condition affected his thinking, perceptions and actions.

12. Defendant knew and has agreed that Plaintiff's anxiety disorder interferes with his ability to concentrate and significant diminishes other work-related capacities.

13. Plaintiff requested sick leave accommodation, until such time that he is released for duty by his professional health care provider, but was denied.

14. Defendant denied Plaintiff sick leave accommodation request.

15. Plaintiff can perform the essentials functions of his job if he is reasonably accommodated.

## COUNT I
## THE REHABILITATION ACT OF 1973
## (FAILURE TO MAKE SICK LEAVE REASONABLE ACCOMMODATION)

16. The allegations set forth in paragraphs 1-15 above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

17. By the above described acts and omissions Defendant assigned plaintiff a former employee workload in addition to his own workload; and denied sick leave reasonable accommodation to cause a severe resumption of Plaintiff anxiety condition in its effort to terminate plaintiff employment.

18. Defendant denied Plaintiff sick leave reasonable accommodation due to plaintiff disability.

19. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessary limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

20. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

**WHEREFORE, Plaintiff Respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against defendant:

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the American with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which Plaintiff would have had absent defendant's discriminatory acts and/or omissions; or, alternatively, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts/or omissions;

E. Award Plaintiff compensatory damages for his lost earnings capacity, emotional pain, suffering, inconveniences, mental anguish, loss of the enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

## COUNT II
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (REPRISAL)

21. The allegations set forth in Paragraphs 1-15 above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

22. Prior to assigning a former employee workload in additional to his own workload on February 16, 1999, Plaintiff had filed complaints, both formal and informal,

alleging that he had been discriminated against by the U.S. Department of Transportation, Federal Aviation Administration.

23. Defendant denied Plaintiff sick leave reasonable accommodation due to retaliation.

24. Plaintiff was assigned a former employer workload in additional to his own workload in reprisal for his protected activities of filing said former and informer complaints.

25. From the period of June 1998, to present, Defendant engaged in continuous and ongoing retaliation against Plaintiff because of Plaintiff's prior, protected civil rights activities.

26. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

27. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally- protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

**WHEREFORE, Plaintiff respectfully prays this court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the American with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or alternately, award front pay and benefits for the years Plaintiff would have worked absent the defendant's discriminatory acts and/or omissions;

E. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant plaintiff appropriate, additional or alternative relief as is just and proper.

## COUNT III
## IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RACE)

28. The allegations set forth in Paragraphs 1-15 and the above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

29. Defendant assigned plaintiff a former employer workload in additional to his own workload; and denied sick leave reasonable accommodation on February 16, 1999, because of his race (African American).

30. Defendant denied Plaintiff's sick leave reasonable accommodation request because of his race (African American).

31. By the above described acts and omissions Defendant assigned Plaintiff a former employer workload in additional to his own workload to negatively impact Plaintiff's employment in violation of 42 U.S.C. §2000e, et seq.

32. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

33. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally- protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the American with Disabilities Act and Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or alternatively, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions.

E. Award Plaintiff compensatory damages for his loss earnings capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable

Respectfully Submitted

*Lawrence Battle*
Lawrence Battle
Plaintiff, Pro Se
6920 100th Avenue
301-731-4268
