

U. S. Department of
Transportation

400 Seventh Street, S.W.
Washington, D.C. 20590

Office of the Secretary
of Transportation
APR 1 2 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

RE: DOT Complaint No. 2-99-2089

Mr. Lawrence Battle
6420 100th Avenue
Seabrook, Maryland 20706

Dear Mr. Battle:

This transmits the U.S. Department of Transportation's final agency decision in the subject complaint alleging discrimination filed against the Federal Aviation Administration. A finding of no discrimination is made. If you are dissatisfied with this decision, you have the following appeal rights:

- Within 30 calendar days of your receipt of this final decision, you may appeal this decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. (EEOC Form 573, Notice of Appeal/Petition, is enclosed for this purpose.)

- Within 90 calendar days of your receipt of this final decision or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC, you may file a civil action in an appropriate U.S. District Court. The Court, at your request, may appoint and authorize legal counsel in circumstances that it deems just without the payment of fees, costs or security. The granting or denial of the request is within the sole discretion of the Court.

You must name the person who is the official agency head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

> The Honorable Norman Y. Mineta
> Secretary of Transportation
> 400 7th Street, S.W.
> Washington, D.C. 20590

**05 1412**

**FILED**

JUL 1 5 2005

NANCY MAYER WHITTINGTON, CLERK

Failure to provide the name or official title of the agency head may result in dismissal of your case. Please be advised that at the time you file an appeal or civil action, you must furnish a copy of the documents to the following officials:

>Chief, Compliance Operations Division (S-34)
>Departmental Office of Civil Rights
>U.S. Department of Transportation
>400 7th Street, S.W., Room 2104
>Washington, D.C. 20590

>Office of the Chief Counsel (AGC-30)
>Federal Aviation Administration
>U.S. Department of Transportation
>800 Independence Ave., S.W.
>Washington, D.C. 20591

Sincerely,

*[signature]*
Yvette R. Workman
Chief, Complaints Adjudication
Departmental Office of Civil Rights

Enclosures

cc:   ACR-1

      AGC-30

FINAL AGENCY DECISION
COMPLAINT NO. DOT 2-99-2089

This is the final Departmental decision in the discrimination complaint filed by Mr. Lawrence Battle [hereinafter *the Complainant*] against the Federal Aviation Administration (FAA), U. S. Department of Transportation (DOT), [hereinafter *the Agency*].

I.  CLAIMS[1]

Whether the Complainant was discriminated against based on disability (generalized anxiety disorder), race (African-American), age (51, DOB: 05/18/47) and in reprisal (prior EEO activity) when his supervisor assigned him another employee's workload.

II.  PROCEDURAL BACKGROUND

| | |
|---|---|
| Date of Alleged Discriminatory Action: | 02/16/99 |
| Initial Counseling Contact Occurred: | 03/15/99 |
| Notice of Right to File Received: | 04/26/99 |
| Formal Complaint Filed: | 05/04/99 |
| Complaint Dismissed: | 09/20/99 |
| Complainant Appealed to EEOC: | 09/24/99 |
| EEOC Issued Decision: | 08/03/01 |
| Agency Requested Reconsideration: | 09/28/01 |
| EEOC Issued Decision on RTR: | 09/26/03 |
| Complaint Accepted: | 10/10/03 |
| Investigation Conducted: | 01/12/04-03/15/04 |
| Report of Investigation Issued: | 03/26/04 |
| Complainant Requested EEOC Hearing: | 04/06/04 |
| Hearing Request Withdrawn: | |
| Case Remanded for Decision: | |

---

[1] The Complainant initially alleged discrimination based on disability, race, age and in reprisal for prior EEO activity when: 1) he received a letter ordering him back to duty, 2) he was assigned the workload of former employee, 3) he was not informed of the status of his request for leave under the Family Medical Leave Act, 4) his supervisor provided false information about him to the EEO Counselor. The Departmental Office of Civil Rights (DOCR) dismissed claims 1, 2 and 4 for failure to state a claim and dismissed claim 3 on the grounds that the matter raised therein had been previously raised by the Complainant in a prior complaint. The Complaint filed an appeal with the Equal Employment Opportunity Commission (EEOC). The EEOC remanded claims 1 and 2 and affirmed the dismissal of claims 3 and 4. The Department requested reconsideration of the EEOC decision. By decision, dated September 26, 2003, the EEOC affirmed the dismissal of claim 1 and remanded claim 2 for further processing. Hence this FAD will address claim 2 only. There are no further appeal rights concerning claims 1, 3, and 4. (ROI Exs. 4 & 5)

Subject: Battle FAD, 2-09-2089                                                                                                    2

This decision is being issued pursuant to Title 29, Code of Federal Regulations, (C.F.R.), § 1614.110(b).

### III.    FACTUAL BACKGROUND

At the time this matter occurred, the Complainant was employed as a Management and Program Analyst, GS-343-14, in the Strategic Requirements Division (ARX-100), Plans and Performance Directorate, at the FAA, located in Washington, D.C.[2] His first-level supervisor was Mr. Jack Phillips and his second-level supervisor was Mr. Jose Justiniano. (ROI Exs. 8W)[3]

#### A.    Complainant's Testimony

The Complainant states that Mr. Phillips informed him that he was assigning the workload of another employee, Elvia Rivera, Management and Program Analyst, FG-343-14, to him because Ms. Rivera had been reassigned to another organization. The Complainant states that he was also responsible for his own workload, Configuration Management. (ROI Ex. 7)

#### B.    FAA Management Testimony

John Phillips (Caucasian, 64, DOB: 09/22/39), Division Manager, GS-2152-15, ARX-100, asserts that it was an assignment of duties, not the assignment of another employee's workload. He further asserts that it was an assignment of duties that had to be accomplished. He states that a number of employees had been transferred and the assignments had to be split up. Mr. Phillips states that the Complainant was selected for the Configuration Management program assignment because of his capabilities and experience. He states that it was a permanent assignment, not short term, and a regular program. He notes that the Complainant had other assignments. (ROI Ex. 8)

Mr. Phillips states that he has never assigned another employee's workload. He explains that he has "divvied up work to people" on a constant basis. He states that whenever someone left the organization that persons work had to be divided up among the remaining personnel. When someone left the organization, he was still responsible to complete or continue the work. (ROI Ex. 8)

Mr. Phillips maintains that he was not aware that the Complainant had a disability. He states that the Complainant mentioned that he might have had, or did have, a disability, but he had no medical proof that the Complainant was disabled.

---

[2] The Complainant was removed from Federal service effective February 20, 2000. The Complainant filed a civil action on the removal (ROI Exs. 7 & 13)

[3] ROI = Report of Investigation, Ex(s). = Exhibit(s); p(p). = page(s).

Mr. Phillips states that prior to this complaint, he had numerous counselors interview him. He states that some of the complaints were against him and the agency as a whole. He reports that all of the cases involved the Complainant. (ROI Ex. 8)

Joe Justiniano (Hispanic 49, DOB: 09/06/54), Deputy Program Director, GS-2152-15, Performance and Planning Division, states that Ms. Rivera left to return to the southwest region and he was aware that her workload had to be assigned to others in the organization just like they normally assigned work. He notes, for example, that when the Complainant himself was out (August 1998), his work had to be assigned to other people; this was no different. Mr. Justiniano reports that Ms. Rivera was working on configuration management and that it was not a large assignment. (ROI Ex. 9)

Mr. Justiniano opines that the Complainant was not assigned Ms. Rivera's entire workload because it was normal procedure that the workload was assigned across the organization, unless it was not a significant amount of work. Mr. Justiniano states that the Complainant was only in for two days after he was requested to return to work on February 16, 1999. Mr. Justiniano states that the Complainant went back out on sick leave again and never returned. He states that the Complainant was gone for a seventeen (17) months plus. (ROI Ex. 9)

Mr. Justiniano states that he has been involved as an alleged responsible management official in counseling and investigative sessions and hearings. He notes that the majority have been with the Complainant. Mr. Justiniano states that the Complainant submitted two (2) workers compensation claims in late 1998. He states that the Complainant mentioned anxiety that he had been diagnosed with some kind of anxiety. (ROI Ex. 9)

### C. Other Evidence

Bruce Henry (white, 56, DOB: 12/03/47), Staff Specialist, FG-2152-14, states that the Complainant was a coworker. He states that his first-level and second-level supervisors were Mr. Phillips and Mr. Justiniano, respectively. He states that when Ms. Rivera left he worked on one of her projects. He states that he has been assigned the workload of another employee. He explains that they have a lot of people coming and going. The manager would usually tell an employee that they needed someone to cover this until they got a new person and usually one person got the work until a new person arrived. He contends that reassignment of work is quite common. (ROI Ex. 10)

Mr. Henry recalls the Complainant mentioning his disability status. He states that he never understood the specifics of it. He avers that it had something to do with stress. (ROI Ex. 10)

Subject: Battle FAD, 2-99-2089                                                                                     4

### D.  Medical Evidence

The file contains a letter, dated September 17, 1998, from Dick Brown, Ph.D., Licensed Psychologist, advising Mr. Phillips of the following:

> [Complainant] is under my care for treatment of work related stress. He is unable to adequately function in his position as program analyst for the FAA at this time. [RN, MSN, CS] is performing biophysiological treatment to help alleviate the physiological components of his situational stress response. [Complainant] can return to work when his stress adequately subsides.

(ROI Ex. 15)

The file also contains a letter, dated October 22, 1998, to Mr. Phillips from Dr. Brown in which he provides the following information:

> [Complainant] suffers from the diagnosis of Generalized Anxiety Disorder involving excessive anxiety and worry due to work related problems. The anxiety symptoms cause clinically significant distress or impairment in social, occupational, and other important areas of functioning.
>
> [Complainant's] prognosis is good provided the work environment related to ongoing legal difficulties stabilizes. Psychotherapy is providing support, direction, and affirmation, all of which have been depleted because of work related stress.

(ROI Ex. 17)

The file contains the following letter, dated February 22, 1999, from Dick Brown, Ph.D. to Mr. Phillips:

> [Complainant's] anxiety continues to prevent him from performing his duties at FAA Headquarters. His prognosis continues to be good although his recent return to work (February 16 and 17, 1999) was psychologically ill advised and caused a resumption of the anxiety which I clearly documented in the opinion from the Forensic Psychological Evaluation of November 12, 1998.
>
> [Complainant] needs at least six weeks of medical leave because of the work related stress. It is my opinion that he will never recover from the workplace induced disability unless he works in an "operations" sort of position in an environment totally different than his current situation.
>
> [Complainant] granted permission to release the attached Mental Health Treatment Plan. This is a confidential medial document which is for your eyes only to help you better understand [Complainant's] mental disability and course of treatment.

(ROI Ex. 7)

Subject: Battle FAD, 2-99-2089                                                                                         5

### E.  Other Information

The following is a profile of Air Traffic System Requirements Service, Program Directorate for Plans and Performance Strategic Requirements Division employees as of December 1998:

| Position/Title | Series/Grade | Race/Gender | Age/DOB | Disability[4] |
|---|---|---|---|---|
| Mgmt/Pro. Analyst | 0343-15 | black male | 54,07/16/49 | 5 |
| Mgmt/Pro. Analyst | 0343-15 | black female | 42,09/07/61 | 4 |
| Mgmt & Pro. Analyst | 0343-14 | black male | 04/09/48 | 5 |
| Complainant | 0343-14 | black male | 05/18/47 | 5 |
| Program Analyst | 0343-14 | Hispanic female | 09/28/61 | 5 |
| Program Analyst | 0343-14 | Hispanic female | 09/15/47 | 4 |
| Sup. ATC Spec. | 2152-15 | white male | 09/22/39 | 5 |
| Air Traffic Control Spec. | 2152-15 | black female | 07/08/57 | 4 |
| Air Traffic Control Spec. | 2152-14 | white male | 12/03/47 | 4 |
| Air Traffic Control Spec. | 2152-14 | Hispanic male | 06/27/41 | 4 |
| Secretary | 0318-07 | black female | 12/13/46 | 5 |

### IV.  APPLICABLE LAW

The Complainant is alleging that he was treated less favorably because of his disability, race, age and prior EEO activity in violation of the Rehabilitation Act of 1973, as amended[5], Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, respectively. As a general matter, in the absence of direct evidence of discriminatory intent, a three-part analysis is applied.[6]  Initially, a Complainant has the burden of establishing by a preponderance of the evidence, a *prima facie* case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

To establish a *prima facie* case of discrimination based on disability, the Complainant must show that he is a qualified person with a disability and the agency treated him

---

[4] 4 = no disability;  5 = no disability.  (ROI Ex. 12)

[5] The Rehabilitation Act was amended in 1992 to apply the standards in the ADA to complaints of discrimination by federal employees or applicants for employment. Since that time, the ADA regulations set out at 29 C.F.R. Part 1630 apply to complaints of disability discrimination.

[6] This analysis developed in the context of Title VII of the Civil Rights Act of 1964, as amended, proceedings, also applies to cases arising under the Rehabilitation Act of 1973, as amended respectively. *See* Prewitt v. United States Postal Service 662 F.2d 292 (5th Cir. 1981). The Supreme Court has assumed, without so holding, that the McDonnell Douglas analysis applies to age discrimination cases. O'Connor v. Consolidated Coin Caterers Group, 116 S.Ct. 1307 (1996).

less favorably than individuals not within his protected group or it failed to make a plausible reasonable accommodation to his disability.[7] In addition, the Complainant must show that there is a nexus or casual relationship between the disabling condition and the challenged agency action. Rideout v. Department of the Army, EEOC Decision Number 01933866 (November 22, 1995); Mackey v. United States Postal Service, EEOC Decision Number 01931771 (April 28, 1994). Milder v. Department of Veterans Affairs, EEOC Decision Number 01971724 (January 15, 1999).

Not every individual who suffers from an impairment is disabled under the law, and the question of who is disabled is an individualized one. *See* Caseres v. U.S. Postal Service, 74 M.S.P.R. 642, 644 (1997). A person with a disability is a person who (1) has a physical or mental impairment that substantially limits a major life activity; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. Title 29 C.F.R. § 1614.203(a)(1). "Major life activities" include such functions as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 29 C.F.R. § 1614.203(a)(3). The factors recognized when determining whether an impairment substantially limits a major life activity include the duration of the impairment, the severity of the impairment, and its permanent or long-term impact. *See* Minehan v. Department of the Army, EEOC Decision Number 03970092 (November 12, 1997); Terrangnoli v. Department of the Army, EEOC Decision Number 01942810 (October 2, 1995). A qualified person with a disability is one who, with or without reasonable accommodation, can perform the essential functions of the position in question. Title 29 C.F.R. § 1614.203(a)(1).

A *prima facie* case of race and age discrimination is established by showing that: 1) the complainant is a member of the protected groups; 2) he was subjected to adverse treatment; and 3) a similarly situated employee not in his protected group was treated more favorably.[8] *See* O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996); Terrell v. Department of Housing and Urban Development, EEOC Decision

---

[7] Federal agencies are required to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment unless to do so would cause undue hardship. Title 29 C.F.R. § 1630.2; Hawkins v. United States Postal Service, EEOC Decision Number 03990006 (February 11, 1999).

[8] In order for employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or similar; i.e., engaged in the same conduct, reported to the same supervisor, performed the same job function, and had equivalent disciplinary records. Hunter v. United States Postal Service, EEOC Decision Number 05960762 (1998). Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 (8th Cir. 1985); Murray v. Thistledown Racing Club Inc., 770 F.2d 63, 68 (6th Cir. 1985); Cynthia A. Scott v. U.S. Postal Service, EEOC Decision Number 01902344 (September 30, 1990). For example, the named comparatives must have come under the same manager's supervision and have performed the same job function during the same time period. O'Neal v. United States Postal Service, EEOC Decision Number 05910490 (July 23, 1991).

Number 01961031 (October 25, 1996); Upshaw v. United States Postal Service, EEOC Decision Number 01976297 (February 1, 2000); Enforcement Guidance on O'Connor v. Consolidated Coin Caterers Corp., EEOC Notice 915.002 at 4 and 7 (September 18, 1996).

To establish a *prima facie* case of discrimination on the basis of reprisal, the Complainant must show that: (1) he engaged in a statutorily protected activity, *i.e.*, opposed unlawful discriminatory employment practices or participated in Title VII proceedings; (2) his employer was aware of his previous protected activity; (3) subsequently, his employer took adverse action against him; and (4) the adverse action followed the protected activity in such a time and manner as to raise an inference of retaliation. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987); Downing v. U.S. Postal Service, EEOC Decision No. 01822326 (1983); Cohen v. Fred Meyers, Inc., 686 F.2d 793, 796 (9th Cir. 1982).

The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. McDonnell Douglas at 802. The agency need not prove that it was actually motivated by the proffered reasons, but it is sufficient if the agency evidence raises a genuine issue-of-fact as to whether it discriminated against the Complainant. To accomplish this the agency must clearly set forth evidence of the reasons for its actions. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-256 (1981).

Lastly, should the agency succeed in meeting its burden of production, the complainant must then have the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the agency were not its true reasons, but was a pretext to hide intentional discrimination. *Id.*; St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993). The complainant can do this either directly, by showing that a discriminatory reason more likely motivated the agency, or indirectly, by showing that the agency's proffered explanation is unworthy of credence. Burdine, 450 U.S. 248, 256. In addition, to establish discrimination under the ADEA, the Complainant must show that age was a determinative factor in the sense that, "but for" his age, he would not have been subjected to the alleged discrimination. Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979) LaMontagne v. American Convenience Products, Inc, 750 F.2d 1405, 1409 (7th Cir. 1984). A *prima facie* case of discrimination combined with sufficient evidence for a reasonable factfinder to reject the agency's nondiscriminatory explanation for its decision is adequate to sustain a finding of liability for intentional discrimination. Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2000 U.S. LEXIS 3966 (June 12, 2000).

Subject: Battle FAD, 2-99-2089                                                                                              8

## V.  ANALYSIS

### A.  *Prima Facie Case*

#### 1.  Disability

The Complainant has failed to establish that he was disabled within the meaning of the Rehabilitation Act at the time the matters at issue occurred. The Supreme Court has held that the determination of whether a person has a "disability" must be based on his or her actual condition at the time of the claimed discrimination, taking into consideration whether the person is substantially limited in a major life activity when using a "mitigating measure," if any. Sutton v. United Airlines, Inc., 527 U.S. 471 (1999); Murphy v. United Parcel Service, Inc., 527 U.S.516 (1999). The positive and negative effects of mitigating measures used by the individual, such as medication or an assisted device, must be considered when deciding if he or she has an impairment that substantially limits a major life activity. Sutton; Murphy.

The Complainant's impairment was identified as generalized anxiety disorder. The file contained three letters from Dr. Brown. All of the letters addressed work related stress. For the activity of working, "substantially limits" means that the individual is generally foreclosed by his impairment from the type of employment involved. 29 C.F.R. § 1614.2(j)(3); Groshans v. Department of the Navy, 67 M.S.P.R. 629, 636 (1995). More generally, the individual's impairment must significantly restrict him with respect to the condition, manner, or duration under which he can perform a particular life activity as compared to the condition, manner, or duration under which an average person in the general population can perform the same activity. 29 C.F.R. § 1614.2(j)(1); Stevens v. Department of the Army, 73 M.S.P.R. 619, 624 (1997). The Complainant did not allege that he was generally foreclosed by his generalized anxiety disorder from performing the work of a Management and Program Analyst. Further, the Complainant produced no evidence whatsoever to show that he was significantly restricted in his ability to "perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training skills and abilities." An inability to work for a particular supervisor or in a particular position does not constitute a disability under the Rehabilitation Act because it is not a barrier to employment and does not foreclose an employee generally from his line of work. 29 C.F.R. § 1630.2(j)(3)(i); *See* Vyas v. Department of the Army, 83 M.S.P.R. 452, ¶ 12 (1999); Sublette v. Department of the Army, 68 M.S.P.R. 82, 86-88 (1995), Fitzgerald v. Department of Defense, EEOC Decision Number 03A00086 (November 16, 2000).

Based on the foregoing, we find that the Complainant has not shown that his generalized anxiety disorder rendered him disabled within the meaning of the Rehabilitation Act. Further, a review of the file fails to show that the Complainant had a record of an impairment that substantially limited a major life activity. Nor does the record establish that the Complainant was regarded by Agency officials as being

disabled. *See* Thompson v. United States Postal Service, EEOC Decision Number 01933275 (June 8, 1994). An individual is regarded as disabled if he, or she, is treated by the Agency as if he, or she, had such an impairment. Title 29 C.F.R. § 1514.203(a)(6). Here the file is ripe with information signifying that Mr. Phillips did not believe that the Complainant had a disability.

   2.   Race and Age

The Complainant has met the first, second and third elements of the *prima facie* case in that he is African American and age 51. He has not met the second or third elements of the *prima facie* case of race and age discrimination. With regard to the second element, although the Complainant was told that a work project was to be assigned to him, testimony indicates that the Complainant never performed the task at issue. Specifically, testimony from Mr. Justiniano indicated that the Complainant was only at work for two days before he went back out on sick leave again and never returned. Thus it is questionable as to whether an adverse action occurred. Regarding the third element, Mr. Justiniano also testified that assignments were "divvied up" among the staff. Here, Mr. Henry (white) coworker stated that he also had been assigned Ms. Rivera's projects. Further, the Complainant failed to identify a similarly situated younger employee who was treated more favorably. Nor has he offered any other evidence to show that his age was a factor in the reassignment of Ms. Rivera's projects to him. In sum, we find that the Complainant has failed to establish a *prima face* case of race or age discrimination.

   3.   Reprisal

The Complainant has met the first and second elements of the *prima facie* case of reprisal in that he has participated in the EEO process on several occasions and the involved officials were aware of that protected activity. He has not, however, met the third element in that he has not shown that the involved officials took adverse action against him. The Complainant alleged that he had been assigned a coworkers project, but as indicated above it is questionable whether an adverse action actually occurred since he was only at work for two days before going back out on sick leave, from which he never returned. We also note that the Complainant has not established a causal nexus between his prior EEO activity and the purported adverse action. Testimony indicated that Ms. Rivera's duties had to be reassigned because she left the organization and that this was a common practice. Accordingly, we find that the Complainant has failed to establish a *prima facie* case of reprisal.

   B.   *Management's Articulated Reasons*

Although the Complainant failed to establish a *prima facie* case on any basis, management articulated a legitimate nondiscriminatory reason for its action.

Subject: Battle FAD, 2-99-2089

10

Management maintained that the Complainant was assigned one project, configuration management after Ms. Rivera left the organization.

### C. Pretext

At this point, the Complainant bears the burden of establishing that management's articulated reason was a mere pretext for discrimination. He can do this either directly, by showing that a discriminatory reason more likely motivated the Agency, or indirectly, by showing that the Agency's proffered explanation is unworthy of credence. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Anti-discrimination laws are not vehicles for judicial second-guessing of employment decisions, nor are they intended to transform the courts into personnel managers. Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1223 (7th Cir. 1980); Meirie v. Dacon, 759 f.2d 989 (2nd Cir.) cert. denied, 106 S. Ct. 91 (1985). Employers generally have broad discretion to set policies and carry out personnel decisions, and should not be second-guessed by the reviewing authority absent evidence of unlawful motivation. Burdine, 450 U.S. at 259.

In addition, in order to prevail on his allegation of age discrimination, complainant must show that but for his age, he would not have been subjected to the challenged agency actions. *See* Duke v. Uniroyal Inc., 928 F.2d 1443 (4th Cir, 1991)(Court held that in the context of the ADEA, complainant must prove with reasonable probability that but for his age, the adverse employment action would not have taken place).

The Complainant offered no evidence that management's stated reason for its action was pretextual or otherwise unworthy of credence.

Having failed to establish a *prima facie* case on any of the alleged bases, the Complainant cannot prevail in his claim.

### VI.    CONCLUSION

Therefore, it is the final decision of the U. S. Department of Transportation that a finding of no discrimination is made in this matter.