UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Lawerence Battle** )<br>)<br>**Plaintiff** )<br>) Civil Action No: 05-1412 (JR)<br>v. )<br>)<br>**Norman Y. Mineta** )<br>**Secretary of Transportation** )<br>)<br>**Defendant,** )<br>) | |

### PLAINTIFF'S MOTION FOR OBJECTION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO RESPOND TO THE COMPLAINT. AND MEMORANDUM IN SUPPORT THEREOF; AND DEFAULT JUDMENT FOR DEFENDANT FAILURE TO RESPOND TO APPELLANT'S COMPLAINT FILED ON JULY 15, 2005

Comes now, Lawerence Battle Plaintiff in the above styled matter, moves the honorable court to deny defendant's motion for an extension of time within which to respond to the complaint and memorandum in support thereof and default judgment for defendant failure to answer to the complaint within 60 days based on the followings:

1. Defendant was served on July 19, 2005. Defendant counsel was aware of his litigation demands in other cases when he chose to become defendant's counsel in the above reference civil Action. 60 days expired on September 17, 2005.

2. This is a stall and delay tactic used by defendant to deny Plaintiff legal rights.

3. Defendant have a history, pattern and a long-standing practice of requesting an extension of time to provide answers to plaintiff summons and motion. The court have granted defendant numerous extensions. However, defendant fails to provide answers to appellant's requested information and submits invalid reasons in motions to the court.

4. Defendant is using this stall and delay tactic because defendant is aware that plaintiff has a pending civil action in Civil Action No. 01-2213 (JR) wherein Plaintiff engaged in protective activities by filing several EEOC complaints between October 1998 and February 4, 2000 against defendant. Therefore, some of those protective activities were engaged in by plaintiff just days prior to defendant adverse action against plaintiff in this civil action case (1:05CV01412), which is before the court in this matter. Appellant filed one EEOC Complaint on **February 4, 1999**, just 12 days prior to defendant's February 16, 1999, adverse employment action. The close nexus between the protective activity and defendant's adverse action give rise to an inference of discrimination & retaliation &

RECEIVED
SEP 19 2005
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. Defendant is aware that factual information in this case (1:05CV01412) will be provided by plaintiff that will impeach information defendant provided in Civil Action No. 01-2213 (JR); and factual information in case number 01-2213 has already been provided to the court that will impeach information he provide in this case. This is why defendant is motivated to use a delay and stall tactic.

6. Defendant counsel was aware of the time need to obtain and digest a somewhat extensive administrative record in this matter. Therefore, defendant could have requested an extension of time in other cases involving him.

7. The U.S. Department of Justice have numerous Assistant United States Attorneys, which could have represented defendant in this matter; and respond to Appellant complaint within 60 days as required.

Accordingly, Plaintiff prays for the court to deny Defendant's motion for an extension of time to respond to this complaint; and a default judgment in favor of Plaintiff; and A. The Court award Plaintiff full back pay and benefits to otherwise make him whole; B. Reinstate Plaintiff with appropriate and reasonable accommodation for plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or alternately, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions; C. Award Plaintiff compensatory damages for his loss earnings capacity, emotional pain, suffering, inconveniences, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the Court; D. Award plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; if any occurs and E. Grant plaintiff appropriate, additional or alternative relief as is just and proper.

Respectfully submitted,

*Lawerence Battle*
Lawerence Battle, Pro Se
6920 100th Avenue
Seabrook, MD 20706
301-731-4268

## CERTIFICATION OF SERVICE

I CERTIFY THAT ON September 19, 2005, I caused the Plaintiff's motion to deny defendant's motion for an extension of time and for default judgment to be served on Defendant by first class mail, addressed as follows:

OLIVER W. MCDANIEL
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530