UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWERENCE BATTLE | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | ) Civil Action No. 05-1412 (JR) |
| | ) |
| NORMAN Y. MINETA, | ) |
| Secretary, | ) |
| DEPARTMENT OF | ) |
| TRANSPORTATION | ) |
| | ) |
|        Defendant. | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS**

The Defendant, through counsel, the United States Attorney for the District of Columbia, hereby moves to dismiss the above-captioned civil action pursuant to Rule 12(b) (1) and (6) of the Federal Rules of Civil Procedure. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities and attachment. A proposed Order consistent with this motion is also attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWERENCE BATTLE | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | ) Civil Action No. 05-1412 (JR) |
| | ) |
| NORMAN Y. MINETA, Secretary, DEPARTMENT OF TRANSPORTATION | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to dismiss the Complaint or alternatively for summary judgment. Defendant submits that Plaintiff has failed to state a claim upon which relief should be granted. Moreover, there are no genuine issues of material fact that preclude summary judgment, and Defendant is entitled to judgment as a matter of law. Defendant contends that procedurally Plaintiff's claims are precluded by *res judicata*, inasmuch as he could and should have advanced these claims in the discrimination suit that this Court just resolved in favor of the Defendant, Battle v. Mineta, C.A. No. 01-2213 (JR).[1] Substantively, Plaintiff's claims fail because he has not suffered an adverse employment action and because he is not a qualified individual with a disability, as the Court found in its opinion and order granting summary judgment for Defendant in Plaintiff's other discrimination suit.

---

[1] While this other suit was resolved in the district court by order dated September 6, 2005, the appeal time has not run at this time.

## **THE COMPLAINT**

By a nine-page complaint filed on July 15, 2005, Plaintiff attempts to set forth disability, reprisal and race discrimination claims. Plaintiff declares that he exhausted the claims set forth in this Complaint upon the issuance of a final agency decision by the Department of Transportation ("DOT") on April 12, 2005, which he claims he received on April 16, 2005. Compl. at ¶ 3 and attachment to the Complaint.[2] Factually, Plaintiff contends that he has suffered from a "Generalized Anxiety Disorder [that] substantially impairs his ability to think and concentrate." Id. at ¶ 4. Plaintiff claims that he was under the continuous care of health care professionals for the generalized anxiety disorder, which has continued to the present. Id. at ¶ 8. Plaintiff maintains that Defendant knew of his condition and his treatment and concludes that he suffered a significant limitation in "one or more major life activities." Compl. at ¶¶ 9-10. Plaintiff further maintains that Defendant "truly believed and agreed" that the severity of his condition "affected his thinking, perceptions and actions" and "interferes with his ability to concentrate and [significantly] diminishes other work-related capacities." Id. at ¶¶ 11-12. Plaintiff asserts that, even though he can perform the essential functions of his job if reasonably accommodated, he nonetheless "requested sick leave accommodation[ ] until such time that he is released for duty by his professional health care provider," which request Defendant denied. Id. at 13-15.

As his primary source of claimed harm, Plaintiff asserts that, on February 16 and 17, 1999, he was assigned a former employee's workload in addition to his own workload. Compl. at ¶¶ 6, 22 and 29. On the basis of this allegation, Plaintiff's complaint purports to advance three causes action:

---

[2] We note that the Complaint was filed on the 90th day following his claimed receipt of the final agency decision, the very last day Plaintiff could have advanced his claim, absent unusual circumstances.

(1) failure to accommodate, (2) retaliation discrimination and (3) racial discrimination. In support of his failure to accommodate claim, Plaintiff specifically alleges that Defendant "denied sick leave reasonable accommodation to cause a severe resumption of Plaintiff [sic] anxiety condition in its effort to terminate plaintiff [sic] employment." Id. at ¶ 17. Plaintiff contends, *inter alia*, that this conduct was "intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act." Id. at ¶ 20.

In support of his retaliation claim, Plaintiff further maintains that "[f]rom the period of June 1998[ ] to present, Defendant engaged in continuous and ongoing retaliation against Plaintiff because of Plaintiff's prior, protected civil rights activities." Compl. at ¶ 25. In support of his racial discrimination claim, Plaintiff alleges as well that "Defendant denied Plaintiff's sick leave reasonable accommodation request because of his race (African American)." Id. at ¶ 30. In addition, Plaintiff charges that "Defendant assigned Plaintiff a former [employee's] workload to negatively impact Plaintiff's employment . . . ." Id. at ¶ 31. As part of each separately stated cause, Plaintiff seeks in relief the following: judgment, a declaration that Plaintiff's rights have been violated, make-whole relief, including back pay and benefits, reinstatement "with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which Plaintiff would have had absent defendant's discriminatory acts and/or omissions" or front pay and benefits for "the years Plaintiff would have worked absent Defendant's unlawful acts, compensatory damages, reasonable attorneys' fees and "appropriate, additional or alternative relief as is just and proper." Id. at ¶¶ 20 A. - G, 27 A. - G. and 33 A. - G.[3]

---

[3] Defendant notes that the very final agency decision that Plaintiff has attached to the Complaint shows that all but one of Plaintiff's administrative claims, relating to his sick leave
(continued...)

3

**ARGUMENT**

**I.      Legal Standard**

In assessing a motion to dismiss under Rule 12(b)(6), plaintiff's factual allegations must be presumed true and should be liberally construed in his favor. See Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); Alexander v. FBI, 971 F. Supp. 603, 607 (D.D.C. 1997). Plaintiff must be given every favorable inference that may be drawn from his allegations of fact. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The amended complaint should be dismissed if it appears beyond doubt that no set of facts proffered in support of plaintiff's claim would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir.1987). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Application of this standard in this case requires its dismissal for the reasons described below.[4]

---

[3](...continued)
request, were dismissed by DOT, which decision was affirmed by the Equal Employment Opportunity Commission (EEOC). See Final Agency Decision, n. 1 (attached to the Complaint). Accordingly, the decision addresses only his claim that he was denied sick leave.

[4] The Court may rely on an attachment to the complaint without converting a motion to dismiss into one for summary judgment. See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir.1996) (ruling that a court may consider a "document integral to or explicitly relied upon in the complaint . . . without converting the motion into one for summary judgment."). Similarly, the Court may properly take judicial notice of matters in prior cases. E.g., Baker v. Henderson, 150 F. Supp.2d
(continued...)

**II.     The Doctrine of *Res Judicata* Bars All Claims**

*Res judicata* generally applies to claims that have been brought <u>or could have been brought</u> in previous litigation between the same parties.  In this regard, the Court has held:  "[u]nder res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  <u>Carter v. Rubin</u>, 14 F.Supp.2d 22, 34 (D.D.C. 1998), citing <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  Under the doctrine of *res judicata*, a final judgment on the merits precludes the parties or their privies from re-litigating claims that were or could have been raised in that prior litigation.  <u>Holland v. Nat'l Mining Ass'n</u>, 308 F.3d 808, (D.C. Cir. 2002); <u>Drake v. Federal Aviation Administration</u>, 291 F.3d 59, 66 (D.C. Cir. 2002); *accord*, <u>Parklane Hosiery v. Shore</u>, 439 U.S. 322, 326 n.5 (1979); <u>Allen v. McCurry</u>, 449 U.S. at 94.

The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action.  See <u>Stanton v. District of Columbia Court of Appeals</u>, 127 F.3d 72 (D.C. Cir. 1997); <u>Smith-Gregg v. Sullivan</u>, No. 99-1863, Slip Op. at 6, 1999 WL 1201687 (D.D.C. Oct. 29, 1999), *aff'd* <u>Smith-Gregg v. Sullivan</u>, App. No. 00-5004, 2000 WL 1093235 (D.C. Cir. 2000).  The purpose of the doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources and encourage reliance on adjudication.  See <u>Allen</u>, 449 U.S. at 94; <u>Smith-Gregg</u>, Op. at 6.

---

[4](...continued)
17, 19 n.1 (D.D.C. 2001) ("[i]n determining whether a complaint fails to state a claim, the court may . . . take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); <u>Himmelman v. MCI Communications</u>,104 F.Supp.2d 1, 3 (D.D.C. 2000) ("The court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record.").

In order for *res judicata* to apply, a defendant must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. See Brannock Associates, Inc. v. Capitol 801 Corp., 807 F. Supp. 127, 135 (D.D.C. 1992) (stressing, however, that the fourth prong also precludes new claims that "stem from the same cause of action"); U.S. Industries, Inc. v. Blake Const. Co., Inc., 765 F.2d 195 (D.C. Cir. 1985). Here, the elements of *res judicata* are easily satisfied. Furthermore, as we explain below, there was a final judgment on the merits in Plaintiff's other case and an identity of the facts underlying the claims in both suits.

*Plaintiff's Amended Complaint in 01-2213*

In his Amended Complaint filed on November 20, 2001, in 01-2213, which Plaintiff filed as a *pro se* litigant, he contended that he had suffered from, and was under the continuous care of health care professionals for an anxiety disorder, causing "significant" limitations in "one or more major life activities," Am. Compl. at ¶¶ 7-10,[5] which limitations he did not specify. Further, Plaintiff contended that he "has a record of such impairment and was regarded by Defendant as having such impairment." Id. at ¶ 10. He further maintained that he had "requested a reasonable accommodation" and could have "perform[ed] the essential functions of his job if he [was] reasonably accommodated." Id. at ¶ 12. As in the instant complaint, Plaintiff also alleged that he is "a qualified individual with a disability under the ADA and Rehabilitation Act." Id. at ¶ 16. Notwithstanding his claimed status under the Rehabilitation Act, Plaintiff asserted that he was denied a reasonable

---

[5] A copy of the Amended Complaint filed by Plaintiff in 01-2213 is attached hereto as Exhibit 1, for the convenience of the Court.

accommodation and terminated from his employment. Id. at ¶¶ 11, 14, 43. Plaintiff sought monetary and declaratory relief for damages suffered and losses sustained. Id. at ¶¶ 15-16.

Based on the same factual allegations, Plaintiff also sought similar relief under Title VII of the Civil Rights Act. He claimed that he was terminated because of his race (African American) and terminated in reprisal for prior protected activity, which he described as prior formal and informal complaints alleging discrimination by the FAA. See, Am. Compl. at ¶¶ 17-26, 42. **Significantly, either as a separate count, or as a logical outgrowth of his failure to accommodate claim, Plaintiff further alleged that he was deprived of leave by being forced to return to work on February 16, and 17, 1998, and denied a transfer to a different position as a reasonable accommodation of his claimed disability.** Am. Compl. at ¶¶ 27-37.[6] Plaintiff alleged that, on August 5, 1998, he "suffered a severe and traumatic stress reaction while on the job." Id. at 27. Either as a separate count, or as a logical outgrowth of his retaliation claim, Plaintiff further contended that he **was "denied [a] transfer and leave and deprived of leave in reprisal for his prior protected activity of filing formal and informal EEO complaints."** See Am. Compl. at ¶ 41 (emphasis added).

Plaintiff expressly seeks to advance in this suit the very same claims and seeks the very same relief as he sought in his other suit. In the instant suit, while Plaintiff focuses on the denial of leave, he is again attempting to redress his termination and the alleged failure of DOT to afford him a reasonable accommodation. Just as in the complaint filed in this case, Plaintiff advanced claims of (1) failure to accommodate, (2) retaliation and (3) racial discrimination. He is advancing these claims, again, against the Department of Transportation and advancing these claims in the face of

---

[6] Plaintiff's reference to the year 1998 in his Amended Complaint is obviously in error.

a final judgment rendered by this Court in 01-2213 on September 6, 2005. Accordingly, Defendant, again, clearly has satisfied the following elements triggering the preclusive effect of the doctrine of *res judicata*: (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits. Brannock Associates, Inc. v. Capitol 801 Corp., 807 F. Supp. at 135.

"There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947). It is a venerable principle of American jurisprudence that a plaintiff may not split one claim into separate lawsuits, as Plaintiff here has done. Over a century ago, the Supreme Court stated:

> It is undoubtedly a settled question that a party seeking to enforce a claim legal or equitable must present to the court, either by the pleadings or proofs, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit if the first fail. There would be no end to litigation if such a practice were permissible.

United States v. The Haytian Republic, 154 U.S. 118, 125 (1894); accord Oxbow Energy Inc. v. Koch Indus., 686 F.Supp. 278, 281 (D. Kan. 1988) (quoting Sutcliffe).

The doctrine against splitting claims is "one application of the general doctrine of *res judicata*." Sutcliffe Storage, 162 F .2d at 851. "[A] single cause of action cannot be split so as to be properly made the subject of different actions; and if separate suits are instituted and pending for various parts of a single cause of action, the pendency of the first may be pleaded in abatement of the others." 1B James W. Moore et al., Moore's Federal Practice ¶ 0.410[2], at 366 (2d ed. 1992).

**III.    The Complaint Fails to Set Forth Substantively Actionable Claims**

<u>*Added Duties*</u>

Even assuming *arguendo* that Plaintiff's claims are not barred by the preclusive effect of *res judicata*, his claim that he was given additional duties fails to set forth an actionable adverse employment action. In this Circuit "minor changes in work-related duties or opportunities do not constitute actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment. <u>Stewart v. Evans</u>, 275 F.3d 1126, 1135 (D.C. Cir. 2002). "'Mere inconveniences and alteration of job responsibilities will not rise to the level of adverse action.'" <u>Stewart v. Evans</u>, 275 F.3d at 1135, quoting <u>Childers v. Slater</u>, 44 F. Supp.2d at 19.

The Court of Appeals in <u>Stewart</u> concluded that the removal of the plaintiff from a selection panel choosing a high level agency official did not rise to the level of an adverse action because there was no change in the plaintiff's job position, grade, pay or benefits. <u>Id</u>., 275 F.3d at 1135. Similarly in <u>Forkkio v. Powell</u>, 306 F.2d 1127, 1131 (D.C. Cir. 2002), the Court of Appeals held that a change in work duties that involves no loss of supervisory responsibilities but results in the plaintiff no longer attending management meetings or receiving management-related emails and other communications did not amount to a "significant change" in job responsibilities.

Indeed, in <u>Freedman v. MCI Telecommunications Corp.</u>, 255 F.3d 840 (D.C. Cir. 2001), the Court of Appeals for this Circuit held that:

> Quite simply, a temporary assignment to a less desirable task does not create liability under Title VII unless it results in a diminution of pay or benefits or affects such things as future employment opportunities "such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." [<u>Brown v. Brody</u>, 199 F.3d 446, 457 (D.C. Cir. 1999)].

<u>Id</u>. at 848 (emphasis in original).

9

The Court of Appeals in Brown made clear that "[m]ere idiosyncracies of personal preference are not sufficient to state an injury." Id., 199 F.3d at 457. As the Seventh Circuit has emphasized, "not everything that makes an employee unhappy is an actionable adverse action," Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996). See also Lester v. Natsiois, 290 F. Supp.2d 11, 29 (D.D.C. 2003) (undesireable work assignments do not rise to the level of adverse employment actions; "changes in responsibilities are not adverse employment actions, but rather constitute only the 'ordinary tribulations of the workplace' which employees should expect"); Mack v. Strauss, 134 F. Supp.2d 103, 113 (D.D.C. 2001), aff'd 2001 WL 1286263 (D.C. Cir. Sept. 28, 2001) (increased workload not actionable when not accompanied by adverse changes in terms, conditions, or privileges of employment). Because the alleged adverse action claimed here in part relates to Plaintiff receiving additional workload responsibilities occasioned by the departure of another employee, such a change in responsibility clearly does not amount to an adverse employment action.

### *Retaliation Claim*

Plaintiff's retaliation claim is set forth, as noted above, in essence by way of the statement, "[f]rom the period of June 1998[ ] to present, Defendant engaged in continuous and ongoing retaliation against Plaintiff because of Plaintiff's prior, protected civil rights activities." Compl. at ¶ 25. Such blatant reliance on the continuing violation theory cannot be sanctioned in view of the Supreme Court's decision in National Railroad Passenger Corporation v. Morgan, 122 S.Ct. 2061, 2066 (2002) ("[e]ach incident of discrimination . . . constitutes a separate actionable `unlawful employment practice'" for which a timely complaint must be filed.). See also Jarmon v. Powell, 208 F.Supp.2d 21 (D.D.C. 2002). As stated by the Court recently in Keeley v. Small, ___ F.Supp.2d ___, No. 01-0725, 2005 WL 2304162 (D.D.C. August 30, 2005),

>Generally, a Title VII plaintiff must exhaust his administrative remedies prior to filing an action in federal court. See Morgan, 536 U.S. at 122, 122 S.Ct. 2061. This requirement also applies to federal employees, who must contact an EEO counselor within 45 days of the alleged personnel action. See 29 C.F.R. § 1614.105. Prior to Morgan, many courts held that a plaintiff did not have to exhaust retaliation claims that arose after the filing of an initial administrative complaint. See Nealon v. Stone, 958 F.2d 584, 590 (4th Cir.1992); Kirkland v. Buffalo Bd. of Educ., 622 F.2d 1066, 1068 (2nd Cir.1980); Sussman v. Tanoue, 39 F.Supp.2d 13, 21 (D.D.C.1999) ( "most courts have concluded plaintiffs are not required to exhaust administrative remedies for claims of retaliation which arise following the filing of administrative complaints"). This Court's prior opinion relied upon that same reasoning. See Sept. 26, 2003 Mem. Op. at 6-8.
>
>  However, in the years since Morgan that reasoning has been undermined. Morgan itself rejected the "continuing violation" theory that would permit plaintiffs to recover for discrete acts of discrimination and retaliation that were not exhausted but were "sufficiently related" to exhausted claims. 536 U.S. at 105, 122 S.Ct. 2061. The decision also emphasized "strict adherence" to the procedural requirements of Title VII. Id. at 108, 122 S.Ct. 2061. Although the facts of Morgan dealt with discrete incidents of discrimination and retaliation occurring prior to any administrative exhaustion of claims, it has been understood to bar unexhausted claims arising after the filing of an administrative action. Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir.2003); Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C.2005).

Id., Slip Op. at 6-7.

### *The Court's Prior Decision*

Moreover, for all the reasons set forth in the Court's September 6, 2005 decision, Plaintiff's claims fail substantively. Memo Op., attached as Exhibit 2.  As the Court found, Plaintiff's failure to accommodate claim fails because his generalized anxiety disorder, which did not prevent him from working in other positions or even under other supervisors, did not effectively limit him in the "major life activity" of working under the ADA or Rehabilitation Act. See Memo Op. at 4-9. Plaintiff further failed to set forth a *prima facie* claim of race discrimination, see Memo Op. at 9-10, and failed to set forth a *prima facie* retaliation claim. See id. at 11.  Finally, Plaintiff failed to rebut

Defendant's non-discriminatory explanation for Plaintiff's termination with evidence of pretext. See id. at 11-12.

## CONCLUSION

WHEREFORE, Defendant submits that its motion to dismiss should be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2005, I caused the foregoing Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof, to be served on Plaintiff *Pro se* by the Electronic Court Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

**Mr. Lawerence Battle**
**6920 100th Avenue**
**Seabrook, MD 20706**

 

OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739