# EXHIBIT 1

Case 1:05-cv-01412-JR   Document 8-2   Filed 10/19/2005   Page 1 of 12

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAWRENCE BATTLE<br>6920 100th Avenue<br>Seabrook, Maryland 20706<br><br>Plaintiff<br><br>v.<br><br>NORMAN Y. MINETA<br>Secretary of Transportation<br>400 7th Street, S.W.<br>Washington, D.C. 20590<br><br>Defendant | Civil No. 1:01CV 02213<br>(Judge James Robertson) |

Serve:

Chief, Compliance Operations Division (S-34)
Departmental Office of Civil Rights
Department of Transportation
400 7th Street, S.W., Room 2104
Washington, D.C. 20590

OR

Personnel and Labor Law Branch (AGC-30)
Office of the Chief Counsel
Federal Aviation Administration
400 7th Street, S.W., P.L. 200A
Washington, D.C. 20590

FIRST AMENDED COMPLAINT

( Discrimination in Employment -- Disability, Race, Age and Reprisal)

Plaintiff, LAWRENCE BATTLE ("Plaintiff"), brings this action pursuant to the Civil

Rights Act of 1964, 42 USC §2000e, et. seq., the Age Discrimination in Employment Act

(ADEA), 29 U.S.C §621, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.

Page 1 of 10

("Rehabilitation Act"), to redress deprivations of rights secured by federal law which prohibit discrimination against employees because of one's disability or perceived disability.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 42 U.S.C. §§ 2000e-16(a) and (c), 29 U.S.C. § 633a and 29 U.S.C. 794.

2. Plaintiff was at the time of his discharge working in the District of Columbia, and would have continued to worked there, but for the unlawful and discriminatory acts of Defendant. Accordingly, venue properly lies with the United States District Court for the District of Columbia.

3. Plaintiff has exhausted all applicable administrative remedies. A final agency decision that no discrimination occurred was rendered on or about September 25, 2001.

## PARTIES

4. Plaintiff **LAWRENCE BATTLE** (hereafter "Plaintiff" or "Battle") is a citizen of the United States, domiciled and residing in Prince George's County, Maryland. At all time relevant to this Complaint, up to and including February 20, 2000, he was an employee of the U.S. Department of Transportation, Federal Aviation Administration as a Management and Program Analyst (FG-343-14). Battle's race is African-American, he is more than 40 years of age, and he suffers from and has been under the care of health care professionals for anxiety disorder for a continuous period of several years.

5. Defendant **NORMAN Y. MINETA**, is the Secretary of the U.S. Department of Transportation. At all times relevant to this Complaint up to an including February 20, 2000, the U.S. Department of Transportation, Federal Aviation Administration was Plaintiff's employer.

## FACTS

6. Plaintiff was terminated from his employment with the Federal Aviation Administration on or about February 20, 2000.

7. Plaintiff suffers from an anxiety disorder.

8. Plaintiff was prior to his termination under the continuous care of health care professionals for said anxiety disorder; and has continued to be to the present time.

9. The U.S. Department of Transportation Department, Federal Aviation Administration at all times relevant to this Complaint knew of Plaintiff's condition and that he was under the care of health care professionals for such condition.

10. Because of his anxiety disorder Plaintiff is significantly limited in one or more major life activities. Further, Plaintiff has a record of such impairment and was regarded by Defendant as having such an impairment.

11. Plaintiff requested a reasonable accommodation, but was denied.

12. Plaintiff can perform the essential functions of his job if he is reasonably accommodated.

## COUNT I
## TERMINATION IN
## THE REHABILITATION ACT OF 1973

13. The allegations set forth in Paragraphs 1-12 above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

14. By the above described acts and omissions Defendant terminated Plaintiff's employment in violation of 42 U.S.C. § 12112(a) and (b)(5)(A).

15. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and

will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

16. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or, alternatively, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions;

E. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

**COUNT II
TERMINATION IN VIOLATION OF**

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RACE)

17. The allegations set forth in Paragraphs 1-12 and above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

18. Defendant terminated Plaintiff because of his race (African American) on February 20, 2000.

19. By the above described acts and omissions Defendant terminated Plaintiff's employment in violation of 42 U.S.C. §2000e, et seq.

20. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

21. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or, alternatively, award front pay and benefits for the years

Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions;

E. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

## COUNT III
## TERMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (REPRISAL)

22. The allegations set forth in Paragraphs 1-12 above are hereby incorporated by reference and realleged the same as if set forth verbatim and in their entirety.

23. Prior to his termination on February 20, 2000, Plaintiff had filed complaints, both formal and informal, alleging that he had been discriminated against by the U.S. Department of Transportation, Federal Aviation Administration.

24. Plaintiff was terminated on February 20, 2000 in reprisal for his prior protected activity of filing said formal and informal complaints.

25. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

26. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and

Rehabilitation Act.

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or, alternatively, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions;

E. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

**COUNT IV DENIAL OF TRANSFER AND LEAVE AND DEPRIVATION OF LEAVE
IN VIOLATION OF THE REHABILITATION ACT
AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

27. Plaintiff suffers from an anxiety disorder. On or about August 5, 1998, he suffered a severe and traumatic stress reaction while on the job.

28. Plaintiff has been under the continuous care of health care professionals for said anxiety disorder until the present.

29. Defendant at all times relevant to this Complaint knew of Plaintiff's condition and that he was under the care of health care professionals for such condition.

30. Because of his anxiety disorder Plaintiff is significantly limited in one or more major life activities. Further, Plaintiff has a record of such impairment and was regarded by Defendant as having such an impairment.

31. As a result of his anxiety disorder Plaintiff was ordered by his treating psychologist and Defendant was advised that Plaintiff required accommodation in order to return to work.

32. Despite the fact that Defendant knew of Plaintiff's disability and the record of such impairment and regarded him as disabled Defendant ordered Plaintiff to report for duty on February 16, 1998.

33. Plaintiff complied with Defendant's order and reported to duty on February 16 and 17, 1998.

34. Having returned to duty Plaintiff suffered an exacerbation of his anxiety disorder.

35. On May 28, 1999, Plaintiff requested a transfer as a reasonable accommodation.

36. Defendant denied Plaintiff's request for a reasonable accommodation.

37. Plaintiff can perform the essential functions of his job if he is reasonably accommodated.

38. On or about January 7, 2000, Defendant by its employee and agent Jack Phillips issued a notice proposing to remove Plaintiff from his federal service employment. At this time Mr. Philips had no supervisory or managerial authority over Plaintiff.

39. Plaintiff had available paid leave at this time.

40. Defendant failed to allow Plaintiff to use his available paid leave prior to termination.

41. Plaintiff was denied a reasonable accommodation, denied transfer and leave and deprived of leave in reprisal for his prior protected activity of filing formal and informal EEO complaints.

42. Defendant terminated Plaintiff because of his race (African American) on February 20, 2000, in violation of 42 U.S.C. §2000e, et seq.

43. By the above described acts and omissions Defendant terminated Plaintiff's employment because he was disabled, had a record of impairment and was regarded as disabled in violation of 42 U.S.C. § 12112(a) and (b)(5)(A).

44. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

45. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual with a disability under the ADA and Rehabilitation Act.

46. Plaintiff has exhausted all applicable administrative remedies. A final order was issued on August 21, 2001 and received by Plaintiff several days thereafter.

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act;

C. Award Plaintiff full back pay and benefits and to otherwise make him whole;

D. Reinstate Plaintiff with appropriate and reasonable accommodation for Plaintiff's disability to a position and salary level which the Plaintiff would have had absent Defendant's discriminatory acts and/or omissions; or, alternatively, award front pay and benefits for the years Plaintiff would have worked absent the Defendant's discriminatory acts and/or omissions;

E. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in the amount to be determined by the jury at trial;

F. Award Plaintiff his reasonable attorneys' fees and all costs and expenses incurred in connection with this action; and

G. Grant Plaintiff appropriate, additional or alternative relief as is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

LAWRENCE BATTLE
Plaintiff, Pro Se
6920 100th Avenue
Seabrook, Maryland 20706

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAWRENCE BATTLE | \| |
| Plaintiff | \| |
| v. | \| Civil No. 1:01CV 02213 |
| | \| (Judge James Robertson) |
| NORMAN Y. MINETA | \| |
| Defendant | \| |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing AMENDED COMPLAINT was sent by first class U.S. Mail postage prepaid to the following:

U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Civil Processing Clerk
U.S. Attorney for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

Chief, Compliance Operations Division (S-34)
Departmental Office of Civil Rights
Department of Transportation
400 7th Street, S.W., Room 2104
Washington, D.C. 20590

Personnel and Labor Law Branch (AGC-30)
Office of the Chief Counsel
Federal Aviation Administration
400 7th Street, S.W., P.L. 200A
Washington, D.C. 20590

on this **20th** day of **November 2001**.

*Lawrence Battle*
Lawrence Battle