UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawerence Battle<br><br>    Plaintiff<br><br>v.<br><br>Norman Y. Mineta<br>Secretary of Transportation<br><br>    Defendant, | Civil Action No: 05-1412 (JR) |

**PLAINTIFF'S MOTION FOR OBJECTION TO DEFENDANT'S SECOND MOTION FOR AN EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

    Comes now, Lawerence Battle Plaintiff in the above styled matter, moves the honorable court to deny defendant's second motion for an extension of time to file a reply in support of Defendant's motion to dismiss, and opposition to Plaintiff's motion for summary judgment based on the followings:

    1. Defendant was given notice of necessary responses to rebut per Plaintiff's motion for an extension of time dated November 8, 2005. Defendant knew or should have known Plaintiff was likely to file a motion for summary judgment based on Plaintiff's motion for extension of time document dated November 8, 2005.

    2. Defendant knew or should have known that Plaintiff was likely to ask for summary judgment from Plaintiff's November 8, 2005, motion for an extension of time as it was clear, succinctly, and unambiguously stated in the document.

RECEIVED

JAN 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Defendant knew or should have known that the presentation was going to be extensive and complete to compose the pertinent factual documentary material evidence necessary to dispute Defendant's statements claimed in its motion to dismiss.

4. Defendant knew or should have known that sufficient exhibit documents would accompany said motion in order to substantiate the pertinent factual documentation of Defendant's repeated concealment and misrepresentation of the facts; and to proving discrimination and reprisal by the Agency.

5. Defendant knew or should have known that he had other cases and the workload involved in the said cases when he submitted a motion to the court dated December 7, 2005, for an extension of time, wherein he advised the court that Counsel would not be able to file before January 6, 2006, and the court granted an extension until January 12, 2006. Unlike Plaintiff Defendant have support employees (at least two other Assistant U.S. Attorney and Paralegals at the U.S. Department of Justice) as well as the legal department of the Federal Aviation Administration to assist and help prepare necessary documentation and to timely respond to this court.

6. Plaintiff's motion to deny Defendant's motion to dismiss supported by documentary material evidence and Plaintiff's motion for summary judgment based on undisputed facts supported by documentary material evidence was mailed to Defendant on December 21, 2005, but defendant waited until the last day and hour to request a second extension without really justifying the requested extension stating no new knowledge and absent unusual circumstances which would justify granting said extension.

7. Defendant knew or should have known on October 19, 2005, when he submitted Defendant's motion to dismiss wherein Defendant' concealed pertinent information favorable to Plaintiff in Defendant's possession and misrepresented facts that Plaintiff would provide the court with factual documentary material evidence that validates Defendant's concealment, misrepresentation and huge credibility issues.

Respectfully submitted,

Lawrence Battle, Pro Se
6920 100th Avenue
Seabrook, MD 20706
301-731-4268

## CERTIFICATION OF SERVICE

I CERTIFY THAT ON January 17, 2006, I caused the Plaintiff's motion to deny Defendant's second motion for an extension of time to file a reply in support of Defendant's motion to dismiss, and opposition to Plaintiff's motion for summary judgment to be served by postal service mail addressed as follows:

OLIVER W. MCDANIEL
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530