**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAWERENCE BATTLE | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
|      v. | ) Civil Action No. 05-1412 (JR) |
| | ) |
| NORMAN Y. MINETA, | ) |
| Secretary, | ) |
| DEPARTMENT OF | ) |
| TRANSPORTATION | ) |
| | ) |
|      **Defendant.** | ) |
| | ) |

**REPLY MEMORANDUM AND SUPPLEMENTAL MEMORANDUM IN**
**FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this legal memorandum as a supplemental memorandum, as a reply in further support of Defendant's Motion to Dismiss and in opposition to Plaintiff's Cross-Motion for Summary Judgment. Plaintiff, by advancing this cause of action, persists in seeking to re-litigate claims that have been resolved in District Court and in the U.S. Court of Appeals in Battle v. FAA, 393 F.3d 1330 (D.C. Cir. 2005) (underlying District Court Civil Action No. 01-1350; hereinafter "Battle I") or are pending appeal in Battle v. Mineta, Appeal No. 05-5413 (underlying District Court Civil Action No. 01-2213; hereinafter "Battle II"), which case was resolved unfavorably to Plaintiff in District Court. Through Plaintiff's massive opposition and cross-motion, consisting of ninety-nine pages and two books of exhibits, he unabashedly seeks full review and reconsideration of identical claims resolved by this Court in Battle II. This is clearly a case of second (if not third) impression that should be dismissed.

**DISCUSSION**

Defendant reiterates that "[u]nder res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Carter v. Rubin, 14 F.Supp.2d 22, 34 (D.D.C. 1998), citing Allen v. McCurry, 449 U.S. 90, 94 (1980).  Under the doctrine of *res judicata*, a final judgment on the merits precludes the parties or their privies from re-litigating claims that were or could have been raised in that prior litigation.  Holland v. Nat'l Mining Ass'n, 308 F.3d 808, (D.C. Cir. 2002); Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002); *accord*, Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.5 (1979); Allen v. McCurry, 449 U.S. at 94.

So long as (1) the material facts were in existence at the time of the original suit (2) it would not have been utterly impracticable for Plaintiff to have included the new claim in the earlier suit, (3) the new claim could have been anticipated when the first suit was filed, and (4) Plaintiff had a full and fair opportunity to litigate the new claim in the original suit, *res judicata* and collateral estoppel preclude the attempt to litigate anew the original claim.  Velikonja v. Ashcroft, 355 F.Supp.2d 197, 201-202 (D.D.C. 2005), citing Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 n. 22 (1982) (holding that "full and fair opportunity" language applies to *res judicata* as well as collateral estoppel; other citations omitted).  Given the extensive discussion and litigation of issues surrounding FAA management requiring Plaintiff to return to work on February 16, and 17, 1999, in the original suit, litigation of Plaintiff's workload claim would have been founded in existing facts, would not have been impractical, was an anticipated claim and was a claim that Plaintiff had a full and fair opportunity to litigate.  Accordingly, this new claim should be subject to the preclusive effect of *res judicata* or collateral estoppel. Id.

Plaintiff contends that this workload claim was still being resolved in the EEOC administrative complaint process, which, in his view, explains and justifies his choice to advance the claim separately in this lawsuit, now that his claim has been resolved at the administrative level. See Pl's Op. at 16.   However, Plaintiff, figuratively speaking, is seeking to live in a house the foundation of which has been washed away.  The very basis for Plaintiff's claim, that is, that he had a qualified disability and was accordingly entitled to be accommodated under the Rehabilitation Act, has been resolved against him as a result of his choice to litigate the issue in the original lawsuit, Civil Action  number 01-2213, and cannot withstand challenge on *res judicata*/collateral estoppel grounds.

While, arguably, as the court explained in Velikonja, it was prudent for Plaintiff here to exhaust this administrative claim, see 355 F.Supp.2d at 204, such a principle applies only if the new claim is based on a set of facts different from those set forth in the complaint resolved by the judgment. Id.  As stated by the Court in Velikonja, "the flip side of the Court's conclusion that plaintiff may bring a second suit based on facts arising after her original complaint was filed . . . is that she may **not bring any claims based on events that occurred prior to this date if those events are part of the same set of events as those already litigated**." Id., citing  Apotex, Inc. v. Food and Drug Admin., 393 F.3d 210, 217-18 (D.C.Cir.2004); U.S. Indus. v. Blake Construction Co., 765 F.2d 195, 205 (D.C.Cir.1985) (emphasis added) .

In view of the fact that "a court has authority over claims that are (1) contained in the plaintiff's administrative complaint or claims 'like or reasonably related to' those claims in the administrative complaint . . . ," see Powell v. Castaneda, 390 F.Supp.2d 1, 7 (D.D.C. 2005) (citations omitted), Plaintiff, who then was represented by counsel, could have moved to amend the complaint

in the original suit to add this claim. See Mitchell v. Chao, 358 F.Supp.2d 106, 113 (N.D.N.Y.

2005), citing Butts v. City of New York Department of Housing Preservation & Development, 990

F.2d 1397, 1401 (2d Cir.1993), *aff'd after remand*, 173 F.3d 843 (2nd Cir. 1999) (TABLE).

Alternatively, Plaintiff could have sought a stay of the pending district court litigation until this claim

was resolved administratively.  However, Plaintiff chose neither course.[1]

Instead, Plaintiff chooses to litigate again, as if the Court had not ruled, the question of

whether he suffered a qualified disability and attempts to litigate again his termination.  Plaintiff uses

discovery exchanged in the original litigation and attempts to advance arguments and evidence used

in his first Guaranteed Fair Treatment (GFT) appeal case.  This argument and factual recitations are

all to no avail, given that final judgments have issued in each case.[2]

Again, even assuming *arguendo* that Plaintiff's claims are not barred by the preclusive effect

of *res judicata*, his claim that he was given additional duties fails to set forth an actionable adverse

employment action.    In this Circuit "minor changes in work-related duties or opportunities do not

---

[1] Plaintiff's claims of discrimination are more akin to those involving an alleged unlawful employment practice within a facially neutral employment system. See United Air Lines, Inc. v. Evans, 431 U.S. 553 (1977), Delaware State College v. Ricks, 449 U.S. 250 (1980) and Lorance v. AT & T Techs., Inc., 490 U.S. 900 (1989).  They are not like those discussed by the Supreme Court in Bazemore v. Friday, 478 U.S. 385 (1986), in which the Supreme Court declared that the employer committed a separate unlawful employment practice each time it completed an adverse employment action. See Shea v. Rice, 409 F.Supp.2d 448, 451-456 (D.D.C. 2005).  Plaintiff cannot, accordingly, advance a separate instance of Defendant's refusal to accommodate him as a separate, discrete act of discrimination.

[2] While it is unclear, Plaintiff also seems to be making broad, generalized allegations that the judgment in the original case was procured by fraud.  While it is true that "a judgment of a court having jurisdiction of the parties and of the subject-matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default," Riehle v. Margolies, 279 U.S. 218, 225 (1929), more than generalized, conclusory allegations are necessary to support such a claim, which Plaintiff has failed to provide. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Fed. R. Civ. P. 9(b).

constitute actionable injury unless they are accompanied by some other adverse change in the terms, conditions or privileges of employment.  Stewart v. Evans, 275 F.3d 1126, 1135 (D.C. Cir. 2002).  "'Mere inconveniences and alteration of job responsibilities will not rise to the level of adverse action.'"  Stewart v. Evans, 275 F.3d at 1135, quoting Childers v. Slater, 44 F. Supp.2d at 19.

### CONCLUSION

WHEREFORE, Defendant submits that its Motion to Dismiss should be granted and that Plaintiff's Motion for Summary Judgment should be denied.[3]

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

---

[3] Plaintiff has failed to include a separate statement of material facts, as required by Local Rule 56.1.  Accordingly, Counsel for the Defendant will not speculate as to which facts among the 99 pages submitted by Plaintiff he deems to be material.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2005, I caused the foregoing Reply

Memorandum and Supplemental Memorandum in Further Support of Defendant's Motion to Dismiss

and Memorandum in Opposition to Plaintiff's Cross-motion for Summary Judgment, to be served

on Plaintiff *Pro se* by the Electronic Court Filing system, to the extent that he has access, and by

mail, postage prepaid, addressed as follows:

**Mr. Lawerence Battle**
**6920 100th Avenue**
**Seabrook, MD 20706**

_____
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739