

U.S. Department
of Transportation
**Federal Aviation
Administration**

CC by mail to LB

800 Independence Ave, SW
Washington, DC 20591

February 14, 2000

Special Delivery (FedEx)

Mr. Lawerence Battle
6920 100th Avenue
Seabrook, MD 20706

Dear Mr. Battle:

### Decision on Proposed Removal

On January 7, 2000, Mr. Jack Phillips, Division Manager, ARX-100, sent you a letter
notifying you of his proposal to remove you, for non-disciplinary reasons, from your
position as a Management and Program Analyst, FG-343-14, in the Federal Aviation
Administration (FAA) and the Federal Service. This letter also informed you that the
non-disciplinary reasons for proposing your removal were:

Reason #1: Unavailability to perform the duties of your current position.

Reason #2: Inability to perform the essential functions of your position.

This letter informed you of your right to reply orally and/or in writing to the reasons for
proposing your removal. You were notified that your reply was due within 15 days
from your receipt of the proposal notice, which you received on January 8. Therefore,
your reply was due on Tuesday, January 25; however, at your request, I granted an
extension until Tuesday, February 1 to provide your reply. Your written reply,
submitted on your behalf by your representative and dated February 1, was timely
received by me on February 2. You did not provide an oral reply.

As noted in the proposal notice, I am the deciding official for your proposed removal. I
have carefully reviewed the notice of proposed removal, your written reply, your case
file and the applicable EEOC regulations. I will not comment on the inaccuracy and
misleading nature of some of the statements made by your representative in the reply
and documentation contained in the attachments. In your reply you also made
allegations concerning the integrity of FAA officials. In making my decision, I have
chosen to focus on the basis for the proposed removal as set forth by Mr. Phillips and
whether the evidence supports the proposed action. As a matter of clarification I point
out that the February 22, 1999, medical update from your psychologist, Dick Brown

Ph.D., which Mr. Phillips failed to attach to the notice of proposed removal, was sent to you as an enclosure to my January 21, 2000, letter.

Your written reply of February 1, indicates that you are both available for duty and able to perform the essential functions of a position for which you are qualified, provided you are granted the accommodation of being transferred to a position located in an "operations" type of environment with a different supervisor. However, your reply does not contest that you have been: 1) unavailable to perform the duties of your current position; and 2) medically unable to perform the essential functions of your headquarters position in ARX-100.

The fundamental issue in question is whether or not you are a "disabled" individual as defined by the Rehabilitation Act and secondly if you are a "qualified" individual with a disability who with reasonable accommodation can perform the position in question. You have maintained that you have submitted adequate documentation to support your assertion that you are a qualified disabled employee who is entitled to a reasonable accommodation. The record also shows that Mr. Phillips has had legitimate concerns regarding whether an actual disability exists. He did not dispute your diagnosis of "General Anxiety Disorder" as your representative suggests, but he has questioned the limitations imposed by your impairment.

The medical documentation states that you have moderate impairment in non-job related activities. Information submitted by Dr. Brown states that you are able to perform your duties in an "operations" type of environment other than headquarters. Based upon my understanding of this issue, an impairment that interferes with an individual's ability to perform a single unique job, and not a broad range or class of jobs, is not a substantial limitation within the meaning of EEOC regulations. Similarly, an individual's ability to work for a particular supervisor is not a substantial limitation of the major life activity of working because it only precludes the individual from performing in a single job. As such, your impairment does not constitute a disability.

Your representative asserts that you were unavailable for duty for 11 out of 17 months due to Mr. Phillips' failure to accommodate your request for a reassignment based on your alleged disability. She further contends that Mr. Phillips was convinced that you were not a qualified person with a disability and therefore ignored his obligation to consider your request. My review of the record finds this analysis to be incorrect. As outlined in his August 18, 1999, letter, Mr. Phillips was trying to determine the limitations imposed by your condition to determine if a disability as defined by the EEOC exists. In fact, he went into lengthy detail about the confusing and sometimes contradictory nature of the documentation you submitted to support your requests.

Under the Rehabilitation Act, the circumstances of your case do not obligate the Agency to provide you with an accommodation because a disability has not been established. You correctly noted in your reply that, had you been able to establish that you are disabled, the Agency would have been obligated to consider reassignment to any position for which you are qualified. Mr. Phillips only referenced your ability to perform the essential functions of a Management and Program Analyst position rather

3

than any position for which you were qualified. However, based on the information available to me, I do not believe the accommodation you have requested would enable you to perform the essential functions of an alternate position.

After carefully reviewing and considering the notice of proposed removal, your written reply, the evidence in your case file, and applicable EEOC regulations, I have determined the reasons and specifications for proposing your removal are supported by the evidence and warrant your removal to promote the efficiency of the Federal service. Therefore, it is my decision to remove you, as proposed.

I am mailing this letter to you and your representative, Madonna A. McGwin, Esq., on Monday, February 14, by both Federal Express and regular mail. Allowing five mailing days for you to receive this letter, I will consider that it was received no later than Saturday, February 19. Therefore, the effective date of your removal action will be Sunday, February 20, 2000.

In accordance with the FAA Personnel Management System, Chapter III, Section 5, FAA Appeals Procedure, Guaranteed Fair Treatment, (GFT), you have the right to appeal this decision by filing your appeal with Mr. John Staples, Program Director, Plans and Performance, ARX-1, Nassif Building, Room 8206, 400 Seventh Street, SW, Washington, D.C. 20590, within ten calendar days from the date you receive this decision. Your appeal must be in writing and contain all supporting documentation and a statement of the specific relief requested.

A claim of discrimination may not be raised in the GFT Appeal Procedure. If, however, you believe that this action is based on discrimination due to race, color, religion, sex, national origin, handicap, age or sexual orientation, or in retaliation for participation in the EEO process, and you wish to file a complaint of discrimination, you must contact an EEO counselor not later than forty-five calendar days of the effective date of this action. The FAA Civil Rights Office can be reached by calling (202) 267-3254.

The Employee Assistance Program, (EAP), a free and confidential service, may be helpful to you in resolving personal problems or concerns that may arise as a result of this decision. You may contact an EAP counselor by calling (800) 234-1327.

If you have any questions concerning your rights or procedures regarding this decision, you may contact Mr. Don Faulkner, Employee Relations Specialist, on (202) 267-3779.

Sincerely,

Joe Justiniano
Deputy Program Director, Plans and
Performance, ARX-2