LAWERENCE BATTLE

MAY 4, 1999

FORMAL EQUAL EMPLOYMENT OPPORTUNITY DISCRIMINATION COMPLAINT

BASE(S):

DISABILITY, REPRISAL, RACE AND HOSTILE WORK ENVIRONMENT

ALLEGED DISCRIMINATION OFFICIAL:

JACK PHILLIPS, MANAGER, ARX-100

DISCRIMINATING OFFICE:

DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION

8.  **TAB 8.** Dr. Brown's letter dated February 22, 1999, to Mr. Phillips, advising Mr. Phillips that Mr. Battle recent return to work (February 16 and 17, 1999) was psychologically ill advised and caused a resumption of the anxiety which he clearly documented in the opinion from the Forensic Psychological Evaluation on November 12, 1998. Dr. Brown advised Mr. Phillips that it is his opinion that Mr. Battle will never recover from the workplace induced disability unless he works in an "operation" sort of position in an environment totally, different than his current situation.

9.  **TAB 9.** Mr. Battle's request for leave or approved absence Form dated February 23, 1999, wherein Mr. Battle requested leave under the Family and Medical Leave Act to protect himself from Mr. Phillips and the Federal Aviation Administration. **To date, Mr. Phillips nor the FAA has informed Mr. Battle of the status of his FMLA request as required by the Federal Code of Regulation.**

10. **TAB 10.** Dr. Brown's letter dated April 2, 1999, to Mr. Phillips advising him that Mr. Battle's anxiety continues to prevent him from performing his duties at ARS/ARX at FAA headquarters. Dr. Brown informed Mr. Phillips that Mr. Battle's prognosis continues to be good especially if he is transferred. Once again, Dr. Brown advised Mr. Phillips that in his opinion Mr. Battle will never recover from the workplace induced disability unless he works in an "operation" sort of position in an environment totally different than his current situation with ARS/ARX.

11. **TAB 11.** Mr. Battle's request for sick leave Form dated April 2, 1999.

12. **TAB 12.** Mr. Battle's letter dated April 2, 1999, to James H. Washington, Air Traffic Requirement Services, ARS-1, requesting the status of his transfer per the March 25, 1999, discussion between he and Kim Bram, EAP Coordinator. **To date, Mr. Washington has not responded to Mr. Battle's request.**

13. **TAB 13.** Joyce A. Teske, Principal, Gaywood Elementary School, to Federal Aviation Administration, informing that Mr. Battle has consented to be a judge for their Science Fair and expressing sincere appreciation to the FAA for allowing Mr. Battle to work with their students and staff.

14. **TAB 14.** Mr. Battle's leave slip wherein Mr. Phillips made Mr. Battle use annual leave to work with school kids and staff at Gaywood Elementary School. **This document supports disparate treatment.**

15. **TAB 15.** Mr. Battle's E-Mail message to Mr. Justiniano, Staples and Phillips, advising that CK (Charlie Keegan), Acting ARS-1, indicated that he do not have a problem with granting administrative leave to participate in the school fair working with students and staff.

16. **TAB 16.** Mr. Phillips' picture shooting pool at the Capital Lounge during duty hours (on the clock). Mr. Phillips made Mr. Battle use annual leave to work with school kids, however, he did not use annual leave to shoot pool and smoke cigars at a local bar. I reported Mr. Phillips misconduct in a previous EEO report. I believe Mr. Phillips is retaliating against me for reporting his fraudulently action. **This documents supports reprisal treatment from Mr. Phillips**

17. **TAB 17.** Mr. Phillips' E-Mail message to all ARX-100 employees reminding of the outing at the Capital Lounge. Mr. Phillips stated that he will acquire the cigars. Mr. Phillips use the phrase "off site meeting" to hide his misconduct.

18. **TAB 18.** Helen L. Robinson, Senior Special Agent for Complaint Center, letter dated January 15, 1999, responding to Mr. Battle's complaint of December 21, 1998, alleging falsification of his Time and Attendant records by Mr. Jack Phillips. Mr. Battle believe Mr. Phillips is tretaliating against him for reporting his misconduct to the Department of Transportation, Office of Inspector General.

TAB

1

| DEPARTMENT OF TRANSPORTATION | COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT (Privacy Act Statement attached) | (FOR AGENCY USE) |
|---|---|---|

**BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP, REPRISAL, OR SEXUAL ORIENTATION**
*(Please Type or Print)*

**1. WHAT IS YOUR (COMPLAINANT'S) FULL NAME**

*Lawerence Battle*

**2. WHAT IS YOUR TELEPHONE NO.?** (Including Area Code)
*202-366-8528*

**YOUR STREET ADDRESS** (or RD Number of Post Office Box Number)
*6920 100th Avenue*

**HOME PHONE**
*301-731-4268*

**YOUR CITY** *Seabrook*  **STATE** *MD*  **ZIP CODE** *20206*  **WORK PHONE** *202-366-8528*

**3. WHICH FEDERAL OFFICE DO YOU BELIEVE DISCRIMINATED AGAINST YOU?** (Prepare a separate complaint form for each office which you believe discriminated against you)

*Department of Transportation, Federal Aviation Administration*

**4. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT?**

✓ YES (Answer A, B, and C)

_____ NO (Continue with 5)

**a. NAME OF OFFICE WHICH YOU BELIEVE DISCRIMINATED AGAINST YOU** *Department of Transportation, Federal Aviation Administration*

**a. NAME OF AGENCY WHERE YOU WORK**
*Federal Aviation Administration*

**b. STREET ADDRESS OF OFFICE**
*400 7th Street, S.W.*

*800 Independence Avenue*

**CITY** *Washington,*  **STATE** *D.C.*  **ZIP CODE** *20590*

**c. CITY** *Washington,*  **STATE** *D.C.*  **ZIP CODE** *20591*

**WHAT IS THE TITLE AND GRADE OF YOUR JOB?**
*Management & Program Analyst FG-14*

**5. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE**

| MONTH | DAY | YEAR |
|---|---|---|
| *3* | *9* | *1999* |

**6. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST**

✓ RACE. IF SO, STATE YOUR RACE *African American*
_____ COLOR. IF SO STATE YOUR COLOR _____
_____ RELIGION. IF SO, STATE YOUR RELIGION _____
_____ NATIONAL ORIGIN. IF SO, STATE YOUR NATIONAL ORIGIN _____
_____ SEX. IF SO, STATE YOUR SEX _____
_____ AGE. IF SO, STATE YOUR AGE _____
✓ HANDICAP. IF SO, STATE YOUR HANDICAP *Anxiety Disorder*
✓ REPRISAL *Prior EEO Complaints*
_____ SEXUAL ORIENTATION

**7. EXPLAIN HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (TREATED DIFFERENTLY FROM OTHER EMPLOYEES OR APPLICANTS) BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP, REPRISAL, OR SEXUAL ORIENTATION. (For each allegation, please state to the best of your knowledge, information and belief, what incident occurred and _when_ the incident occurred.) (Continue on reverse of form or add additional sheets.)**

*See attached document Pages 1 thru 3 and Table of Contents Pages 1 & 2.*

8.   I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL
     EMPLOYMENT OPPORTUNITY COUNSELOR
     ✓ YES ___ NO

a. NAME OF COUNSELOR

*Beth Henderson*

9. WHAT CORRECTIVE ACTION ARE YOU SEEKING?

*See attachment Pages 1 & 2 Remedies Seeking*

10. DATE OF THIS COMPLAINT (Month, Day, Year)

*May 4, 1999*

11. SIGN YOUR (COMPLAINANT'S) NAME HERE

*Lawrence Battle*

I Lawerence Battle am filing an Equal Employment Opportunity (EEO) discrimination complaint against the Agency based on Disability, Reprisal and Race. The Alleged Discrimination Official named in this complaint is Jack Phillips, Manager, ARX-100. <u>On a continuing basis I am being subjected to reprisal and a hostile work environment for participating in previous EEO complaints.</u>

## BASE(S) OF COMPLAINT:  DISABILITY, REPRISAL AND RACE.

ISSUES:

1.  Did the Agency and Jack Phillips discriminate against Mr. Battle based on disability, reprisal and race; and a continuation of the Agency's on-slaught of psychological abuse, harassment, humiliation, hostility, hostile work environment, false accusations, intimidation, abuse of power, misconduct, negligent, reckless, combative and threatening behavior when Jack Phillips directed Mr. Battle to report to duty on February 16, 1999, and by Mr. Battle reporting to duty as directed on February 16 and February 17, 1999, it caused a resumption of Mr. Battle's anxiety, which is clearly documented in Dr. Brown's letter dated January 12, 1999 to Mr. Phillips and the Forensic Psychological evaluation dated November 12, 1998 authorized by Mr. Phillips?

2.  Did the Agency and Jack Phillips discriminate against Mr. Battle based on disability, reprisal and race; and a continuation of the Agency's on-slaught of psychological abuse, harassment, humiliation, hostility, hostile work environment, false accusations, intimidation, abuse of power, misconduct, negligent, reckless, combative and threatening behavior when on February 16, 1999, Mr. Phillips assigned Mr. Battle Elvia Rivera (Previous ARX-100 employee) work load (Configuration Management) in addition to his original workload?

3.  Did the Agency and Jack Phillips discriminate against Mr. Battle based on disability, reprisal, and race; and a continuation of the Agency's on-slaught of psychological abuse, harassment, humiliation, hostility, hostility work environment, false accusations, intimidation, abuse of power, misconduct, negligent, reckless, combative and threatening behavior when Mr. Phillips and the Agency failed to inform Mr. Battle of the status of his paid sick leave taken for a Family Medical Leave Act (FMLA) required reason?

4.  Did the Agency and Jack Phillips discriminate against Mr. Battle based on disability, reprisal and race; and a continuation of the Agency on-slaught of psychological abuse, harassment, humiliation, hostility, hostile work environment, false accusations, intimidation, abuse of power, misconduct, negligent, reckless, combative and threatening behavior when Mr. Phillips intentionally provided false information to EEO Counselor TEV Hatcher as documented in her March 2, 1999 EEO Counselor's report pertaining to a detail for Mr. Battle to the AND organization?

When I read the EEO Counselor's report was my first knowledge of these accusations provided by Mr. Phillips regarding the AND organization. All of the statement made by Mr. Phillips pertaining to the AND organization are <u>false accusations</u>.  <u>This is a pretext to hide his discriminatory practices.</u>

Retaliatory treatment has been held to include <u>harassment</u>, (Calcote v. Texas Educ. Foundation, Inc., 576 F.2d 95, 97 (5th cir. 1978)), <u>false accusations</u>, and <u>intimidation comments</u> (Griffin v. Michigan Dept. of Correction, 654 F. Supp. 690 (E.D. Mich. 1982)).

A pattern of incompetence could constitute intent.  Ineptitude at some point rise to the point where it becomes reckless.

<u>"Mr. Phillips' conduct rises to the level of retaliatory treatment."</u>


## REMEDIES SEEKING

1.  Maximum damages allowable pursuant to the civil rights Act of 1991.

2.  Restore in full all lost sick, annual and other leave from the filing of the first EEO discrimination complaint (1992) until this complaint is resolved.

3. Reimbursement for all attorney fees and costs incurred in connection with the administrative equal Employment Opportunity process, Department of Labor, District Court litigation process and other proceedings involving the claim in this action.

4. Reimbursement for all medical and professional services expenses from 1992 until this claim is resolved.

5. The Agency, including without limitation the agents and employees of the united States Department of Transportation and the agents and employees of the Federal Aviation Administration enter into an agreement with Mr. Battle that shall be binding on the agency stating "the agency (including all employees) will not discriminate or have the appearance of discrimination against Mr. Battle during or after his career with the Federal Aviation Administration.

6. Two (2) year sabbatical at the University of Maryland, University College or an equivalent school with paid salary, tuition, books, parking and other associated fees.

Date of most recent event: March 9, 1999, received EEO Counselor report containing false accusations.

Beth Henderson, EEO Counselor, contacted on March 15, 1999. Confirmed on March 16, 1999.

Mr. Phillips and the Federal Aviation Administration are directly responsible for the resumption of my anxiety condition due to Mr. Phillips ordering me to report to duty on February 16, 1999.

On January 26, 1999, I contacted Kim Bram, EAP Coordinator for help regarding my health condition, the hostile work environment and Mr. Phillips directing me to report to duty when he has been advised by Dr. Brown that I am not able to return to duty. Regarding the hostile work environment, Ms. Bram informed me that the only avenue available to me for redress is the EEO complaint process because the hostile work environment is covered under the Model Work Environment. Also I contacted Tammye Wrights, Department of Transportation, Office of Civil Rights, reported the hostile work environment and request her help. I was informed by Ms. Wrights, that the only avenue available is the EEO complaint process.

On January 26, 1999, Kim Bram connected a conference call to Marlin Poore, AHR, Labor Employee Relation Specialist, regarding Mr. Phillips directing me to report to duty on February 16, 1999. Mr. Poore informed me and Kim Bram that since Mr. Phillips by letter dated January 22, 1999, directed me to report to duty on February 16, 1999, if I do not report as directed, Mr. Phillips has the authority to place me on Absent Without Leave (AWOL) for five days; and after being on AWOL for five days he can fire me. **Mr. Phillips' letter directing me to return to duty was very threatening and intimidating to me.**

There is no doubt in my mind that Mr. Phillips would have place me on AWOL and fire me had I not reported as directed. **I reported to duty on February 16, 1999 as directed for fear of being fired by Mr. Phillips.** Mr. Phillips had threaten to terminate my sick leave status and place me in an AWOL status previously on September 11, 1998. I reported Mr. Phillips conduct to Albert Douglas, Acting ARS-1. Mr. Douglas intervened on my behalf and assured me that Mr. Phillips would not place me on AWOL.

ARX-100 employee, Bob Hensen (white male) was out for knee surgery, Mr. Phillips did not direct Mr. Henson to report to duty during his illness. ARX-100 employee, Elvia Rivera daughter was ill in the Southwest Region, Mr. Phillips approved a detail for Ms. Rivera for an extended period of time to enable Ms. Rivera to be with her daughter in Albuquerque, New Mexico. ARX-100 employee, Rich Acosta wife was ill, Mr. Phillips approved leave for Mr. Acosta to enable him to be with his wife during her illness. Also, Mr. Acosta himself was ill for an extended period of time, The ARX-100 Division did not direct Mr. Acosta to return to duty during his illness. **Mr. Phillips and the agency has and continues to treat me different during my illness disability.**

Upon returning to duty on February 16, 1999, Mr. Philips assigned me Elvia Rivera's workload (Configuration Management) in addition to my own workload. I believe the additional workload assignment was done intentionally by Mr. Phillips to overwhelm me and to increase my anxiety.

Please reference Tab No. 4, E-Mail message dated April 16, ,1999, wherein Mr. Phillips explains to Beth Henderson, EEO Counselor, that his organization had been reduced from 15 to 8 people yet retained the same workload. Other people, as well as Mr. Battle, were asked to absorb the workflow. I should not have to suffer a relapse of my anxiety due to Mr. Phillips poor judgment.

By Mr. Phillips own admission, he approximately doubled my workload. Apparently, Mr. Phillips lacks the courage to go to his superiors and advise them that he do not have sufficient resources to accomplish the same workload. His workforce of 8 people is unable to retain and absorb the same workload of 15 people.

By letters dated January 8 and 22, 1999, Mr. Phillips has reference my prior EEO discrimination complaints November 1998 settlement. Apparently, Mr. Phillips resents the settlements. I believe I am being retaliated against by Mr. Phillips and the agency for pursuing my prior EEO complaints and in doing so cause an embarrassment for the agency.

Mr. Phillips and the agency has greatly harmed me, caused a delay in my recovery and has greatly increased my expenses for professional help. Mr. Phillips has created a hostile work environment. I believe this hostile work environment is based on my race, reprisal and disability and sex. The hostile work environment has been reported to the agency.

Please reference and review Tabs 1 through 18 statements and documents.

I _Lawrence Battle_, certify that on this _4_ day of May 1999, a formal Equal Employment Opportunity complaint containing issues of discrimination not previously raised and not the subject of a pending claim in the EEO administrative complaint process or the United States Court was mailed Certified Mail, Return Receipt (Z 490 077 392) to:

Joseph Austin, Acting Regional Director

Department of Transportation, Department Office of Civil Rights, S-342

400 7th Street, S.W.

Washington, D.C. 20590


Regular Mail to:

Assistant Administrator for Civil rights

Complaint Team, ACR-5

800 Independence Avenue, S.W.

Washington, D.C. 20591   32



U.S. Department
of Transportation
**Federal Aviation
Administration**

# Memorandum

800 Independence Ave., S.W.
Washington, DC 20591

Subject: __ACTION__:   Notice of Final
Interview with EEO Counselor

Date: *April 26, 1999*

From: EEO Counselor

Reply to
Attn. of:

To: Aggrieved

This is to inform you that because the matter you brought to my
attention has not been resolved to your satisfaction, you are now
entitled to file a discrimination complaint based on race, color,
religion, sex, national origin, physical or mental handicap, age,
and/or reprisal.  If you file a complaint, it must be in writing,
signed, and filed, in person or by mail within 15 days after receipt
of this notice, with the following officials authorized to receive
discrimination complaints:

Original to:

Regional Director
Department of Transportation
Departmental Office of Civil Rights
Washington DC Regional Office (S-
342)
400 Seventh Street S.W.
Washington, DC 20590

Copy to:

Assistant Administrator for Civil
  Rights
Complaints Team (ACR-5)
800 Independence Avenue S.W.
Washington, DC 20591

The complaint must be specific and contain only those issues
discussed with me.   It must also state whether you have filed a
grievance under a negotiated grievance procedure or an appeal to the
FAA Tri-Party Panel on the same matters.

If you retain an attorney or any other person to represent you, you
or your representative must immediately notify the Regional Director
of the departmental Office of Civil Rights, in writing.   You and/or
your representative will receive a written acknowledgment of your
discrimination complaint from the appropriate agency official.

If your allegation concerned sexual harassment, misconduct of a
sexual nature, or reprisal for having reported sexual harassment or
misconduct of a sexual nature, it was reported to the FAA Sexual
Harassment Accountability Board.  If you had requested anonymity, the
report was made such not to reveal your identity.  The report to the
Board does not alter the time frames of the EEO Complaint process in
any way.

2

_Burt B. Henderson_

EEO Counselor

_Lawrence, Sattle_  4-19-99

Acknowledgment of
Receipt (person
counseled)



GOVERNMENT
PERSONNEL

APR 19 1999

Valid

*To be visibly worn while within Building*

TAB

2

Author:   Tev Hatcher at AUAPO
Date:     03/02/1999  12:11 PM
Normal
:ceipt Requested
rO: Jack Phillips at AWAATS5C
Subject: Report

*Provided on 4-19-99 by Beth Henderson during notice of fund interview with EEO Counselor,*

-------------------------------- Message Contents

Please let me know if there are any inconsistencies in the following
wording.

Thanks - Tev, x30038


*****************************************************************

On February 18, EEO counselor met with Jack Phillips, Manager,
Strategic Requirements Division, ARX-100 (366-2693), and explained
Mr. Battle's issues and bases, as well as, his remedies. Mr. Phillips
stated that Mr. Battle had returned to work on February 16 and they
had a positive discussion returning to Mr. Battle's work issues and
what assignments he would be working on.


Mr. Phillips said he had received correspondence from Mr. Battle's
doctor which stated that he suffered from a generalized anxiety
disorder but Mr. Phillips' has no knowledge of Mr. Battle having a
disability.  The disorder has never been referred to as a disability in
any correspondence from the doctor or from Mr. Battle.  Mr. Phillips
said the doctor's letter dated October 1998 said Mr. Battle's stress
was due to grievances he had with the agency, but that his prognosis
was good and if those legal actions were abided by then Mr. Battle
would be able to return to work.  It is Mr. Phillips' understanding
that
Mr. Battle's claims against the agency were resolved in mid-November
1998 and that Mr. Battle signed a settlement agreement on November 9,
1998.  Based on that information, Mr. Phillips believes that
Mr. Battle, who had been out of the office for approximately five
months at that point, should have been able to return to work on
January 4, 1999.  Mr. Phillips stated that he asked Mr. Battle to have
his doctor provide medical documentation identifying his current
diagnosis, prognosis, and what, if any, risk would be involved by him
returning to work either full or part time.  Mr. Phillips said he did
receive a letter from the doctor which stated Mr. Battle's prognosis
was good but that he could not return to work at that time.  Mr.
Phillips' letter, which Mr. Battle is basing this complaint on, dated
January 22, 1999 directed him to return to work on February 16 because
the doctor's letter did not address why Mr. Battle could not return to
work on a least a part time basis and it also did not specify why he
could not return to work while continuing his treatment.  Mr. Phillips
stated that he felt the doctor's letter did not include sufficient
medical documentation to support Mr. Battle's continued absence.

When asked about transferring Mr. Battle's 252 hours of Traumatic
Injury Leave/Continuation of Pay to sick leave against Mr. Battle's
wishes, Mr. Phillips explained that the Department of Labor denied two
Traumatic Injury claims from Mr. Battle and it is governmental policy
that if claims are denied then any traumatic injury leave must be
converted to annual or sick leave or be seen as an overpayment or debt
to the government.  He stated that he had no choice but to convert the
leave and he gave Mr. Battle a choice of ·

leave the time as it was originally reported.

Regarding Mr. Battle's complaint that Mr. Phillips discriminated against him due to reprisal, he stated that he has not been privy to any of Mr. Battle's previous EEO complaints, or any of the details involved, which took place before Mr. Phillips came to be the manager of ARX-100. Therefore, there is no merit to Mr. Battle's claim of reprisal.

Regarding, the issue of age discrimination, Mr. Phillips stated that he never stated or made any reference that he wanted to force Mr. Battle out of the agency and bring in younger employees. Mr. Phillips says he told Mr. Battle that the office was hurting without his expertise and they need him to return to work.

Regarding the issue of sex discrimination, Mr. Phillips stated that the decision to allow the female employee to go on a detail to another region in order to care for her ill daughter was a humanitarian decision. The woman's daughter was having a risky pregnancy and it was a management decision to allow her to go. The woman has since accepted a position in that region and is still currently working there. Mr. Phillips says that Mr. Battle's claim that he did not allow Mr. Battle to go on a detail opportunity to the AND organization is untrue. Mr. Phillips explained that when Mr. Battle made the request, Mr. Phillips was agreeable but it was the AND organization that decided against it. The AND organization stated that they would be having a bid for a job opportunity coming out for the position
Mr. Battle wanted to be detailed to, and AND did not want it to appear that Mr. Battle had been preselected or was being groomed for the position. Mr. Battle became upset when finding out about this decision and told Mr. Phillips that he was not allowed to go on the detail because the Deputy Director of AND did not like him. Mr. Phillips stated that he called AND and inquired as to why Mr. Battle wasn't allowed to go on the detail and he was given the same explanation pertaining to the bid for the job opportunity. However, the AND organization was willing to let Mr. Battle go on a 30-day detail to their offices but Mr. Battle declined this opportunity stating he thought AND might retaliate against him in some way. Mr. Phillips also said that Mr. Battle told him that he knows he was trying to help him because Mr. Phillips had allowed him to go on a two week detail in the past.

Mr. Phillips stated that he has nothing to do with Mr. Battle's complaint that the agency handles the EEO complaints of African American employees in a less timely manner than those of White employees. He reiterates that he was not Mr. Battle's manager when those complaints took place which was in the 1992 timeframe.

When reviewing the list of remedies, Mr. Phillips said since all of Mr. Battle's allegations were false none of the remedies could be granted. The meeting was concluded with Mr. Phillips stating that he is willing to sit down and talk with Mr. Battle in an attempt to clear up any misconceptions which have triggered this complaint.

THB

3



U.S. Department
of Transportation
**Federal Aviation
Administration**

# Memorandum

| | |
|---|---|
| Subject: | **INFORMATION**: EEO Counselor's Report (29 C.F.R. Section 1614.105 (c)) |
| From: | EEO Counselor |
| To: | Office of Civil Rights, Complaints Team, ACR-5 |

Date:  March 2, 1999

Reply to
Attn. of:

## A)    AGGRIEVED PERSON

Name:  Lawerence Battle

Job Title/Series/Grade:  Management & Program Analyst, GS-343-14

Place of Employment (incl. routing symbol):
         Plans & Performance Directorate,  ATS
         Strategic Requirements Division, ARX-100

Work Phone No:  (202) 366-8528          Home Phone No:  (301) 731-4268

Home Address:  6920 100th Avenue
               Seabrook, MD  20706

Aggrieved Person's Representative, if applicable:  N/A

Name:

Address:

Phone:

## B)    CHRONOLOGY OF EEO COUNSELING

1/25/99 _ Date of Initial Contact
2/2/99 __ Date of Initial Interview
1/22/99 _ Date of Alleged Discriminatory Event
_3/8/99_ 45th Day After Event

Reason for delayed contact beyond 45 days, if applicable:  N/A

2/18/99 Date of Final Interview with EEO Counselor
_____ Date Counseling Report Requested
3/2/99_ Date Counseling Report Submitted

## C)    BASIS(ES) FOR ALLEGED DISCRIMINATION

1) [X] Race (Specify)_African American_____
2) [ ] Color (Specify)_____
3) [ ] National Origin (Specify)_____
4) [X] Sex (Specify)__Male_____
5) [X] Age (Date of Birth)__5/18/47_____
6) [X] Mental Handicap (Specify)_Generalized Anxiety Disorder_
7) [ ] Physical Handicap (Specify)_____.____
8) [ ] Religion (Specify)_____._____
9) [X] Reprisal (Identify earlier event and/or opposed practice,
        give date)_previous EEO complaints in 1992 and Dec. 1998, and workman's
        compensation claims with the Dept . of Labor in August and September 1998
10) [ ] Sexual Orientation (Specify) _____

## D)  ALLEGATIONS OF DISCRIMINATION
(issues:  how the aggrieved was treated differently, the date of the occurrence(s),
name/title/characteristics of others similarly situated, name/title of alleged
discriminator(s), name/title of witnesses, etc.)

Mr. Battle believes his manager, Jack Phillips (Manager, Strategic Requirements Division, ARX-100),
discriminated against him and created an environment of psychological abuse, harassment, humiliation,
hostility, hostile work environment, false accusations, intimidation, abuse of power, misconduct, and
negligent, reckless, combative, and threatening behavior. Mr. Battle alleges his manager discriminated
against him when he exhibited the following behaviors:

DISABILITY: Mr. Phillips provided Mr. Battle with a letter dated 1/22/99, directing him to return to work on 2/16/99 despite a letter from Mr. Battle's physician informing Mr. Phillips that Mr. Battle suffers from generalized anxiety disorder casually related to the work environment and is unable to return to work due to his disability.

Mr. Battle claims that Mr. Phillips' letter of 1/22/99 made the medical determination that the medical documentation provided by Mr. Battle's physician lacked sufficient detail to support a continued absence. Mr. Battle believes that Mr. Phillips should have requested that he be seen by a doctor, chosen by the agency (at the agency's cost), to establish his fitness for duty status.

Mr. Battle claims that Mr. Phillips' letter of 1/22/99 failed to include specific details as to why he believed the psychological evaluation Mr. Battle's physician conducted lacked sufficient detail to continue his absence.

REPRISAL – Mr. Battle believes that Mr. Phillips exhibits discriminatory behavior because of prior EEO complaints, as well as a workman's compensation claim with the Department of Labor. Mr. Battle says Mr. Phillips converted 252 hours of Traumatic Injury Leave/Continuation of Pay to sick leave against his wishes. In a prior EEO complaint against Mr. Phillips, Mr. Battle supplied the EEO Counselor with documentation showing Mr. Phillips engaging in recreational activities during duty hours.

AGE – Mr. Battle believes Mr. Phillips' behavior is an attempt to force him out of the agency and replace him with new younger employees at lower salaries.

SEX – Mr. Battle stated Mr. Phillips released a female employee to go on a detail to another region for an extensive period of time in order to care for her ill daughter, but has not allowed Mr. Battle time off to care for himself and his disability.

RACE – Mr. Battle claims the FAA has a history of treating African Americans unfavorably when compared to similarly situated White employees. Mr. Battle believes the agency does not settle the EEO complaints of African Americans as timely as they do those of White employees. Mr. Battle also believes the agency complies with settlement agreements with White employees, but twice Mr. Battle's settlement agreements were not complied with.

## E)    REMEDY(IES) REQUESTED

1. Maximum damages allowable pursuant to the Civil Rights Act of 1991, for suffering emotional pain, suffering inconveniences, mental anguish, loss of the enjoyment of life, or other nonpecuniary losses due to intentional discrimination and reprisal by Jack Phillips and the agency.

2. Restore in full all lost sick, annual, and other leave from the filing of first EEO discrimination complaint in 1992 until this complaint is resolved.

3. Reimbursement for all attorney fees and costs incurred in connection with the administrative EEO process, Department of Labor, District Court litigation process and other proceedings involving the claim in this action.

4

4.  Reimbursement for all medical and professional service expenses from 1992 until this claim is resolved.

5.  The agency, including without limitation the agents and employees of the U.S. Department of Transportation enter into an agreement with Mr. Battle that shall be binding on the agency stating "the agency (including all employees) will not discriminate or have the appearance of discrimination against Mr. Battle during or after his career with the FAA."

6.  Two year sabbatical at the University of Maryland University College or an equivalent school with paid salary, tuition, books, parking and other associated fees.

## F)    EEO COUNSELOR'S CHECKLIST - THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR CHECKLIST.

## G)    SUMMARY OF COUNSELOR'S INQUIRY

### 1)    Personal Contacts (name, title, date of contact, etc.)

Mary Foster, Secretary, Strategic Requirements Division, ARX-100A, contacted on February 8, 1999

Jack Phillips, Manager, Strategic Requirements Division, ARX-100, contacted on February 18, 1999

### 2)    Documents Reviewed (e.g., SF-50, Position Vacancy Announcement, CC:Mail message, etc.)

1.  Document from Mr. Battle outlining his issue and bases, and remedies (undated)
2.  Memo dated 2/4/99 from Mr. Phillips to Mr. Battle, SUBJECT: Response to your letter of January 21, 25, and 28
3.  Letter dated 1/28/99 from Mr. Battle to Mr. Phillips
4.  Memo dated 1/22/99 from Mr. Phillips to Mr. Battle
5.  Memo dated 1/15/99 from Helen Robinson, Senior Special Agent for Complaint Center Operations, to Mr. Battle
6.  Document dated 1/14/99, from previous EEO Counselor documenting her meeting with Mr. Phillips
7.  Letter dated 1/12/99 from Dick Brown, Ph.D., Licensed Psychologist to Mr. Phillips
8.  Memo dated 1/8/99 from Mr. Phillips to Mr. Battle, SUBJECT: Response to Your Requests Regarding Time and Attendance Issues
9.  Letter dated 12/24/98 from Mr. Battle to Mr. Phillips
10.  Letter dated 9/12/98 from Mr. Battle to Mr. Phillips
11.  Dept. of Labor Authorization for Examination And/Or Treatment dated 9/11/98
12.  Dept. of Labor Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Connection dated 9/4/98, for injury occurring on 9/3/98

13. Dept. of Labor Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Connection dated 9/4/98, for injury occurring on 8/5/98
14. Memo dated 8/20/98 from Mr. Phillips to Mr. Battle
15. Copy of photograph dated 2/20/98
16. CC:Mail dated 2/17/98 from Mr. Phillips to Distribution List, SUBJECT: Off site meeting ARX-100
17. CC:Mail dated 1/29/98 from Stanley Grubaugh to Distribution List, SUBJECT: ARX-100 Off Site

## H)    SUMMARY OF INFORMAL RESOLUTION ATTEMPT

On February 8, Mary Foster, ARX-100A (366-2693), the secretary who handles Mr. Battle's time and attendance (T&A) was called and was informed that Mr. Battle had given her name as a witness in his complaint. Mr. Battle thought Ms. Foster could provide insight into an incorrect T&A record which was faxed to his attorney. Mr. Battle believes Mr. Phillips falsified his T&A records (this issue is part of another EEO complaint Mr. Battle has against Mr. Phillips). Ms. Foster declined speaking to the counselor simply stating that she would rather not get involved.

On February 18, EEO counselor met with Jack Phillips, Manager, Strategic Requirements Division, ARX-100 (366-2693), and explained Mr. Battle's issues and bases, as well as, his remedies. Mr. Phillips stated that Mr. Battle had returned to work on February 16 and they had a positive discussion pertaining to Mr. Battle's work issues and what assignments he would be working on.

Mr. Phillips said he had received correspondence from Mr. Battle's doctor which stated that he suffered from a generalized anxiety disorder but Mr. Phillips' has no knowledge of Mr. Battle having a disability. The disorder has never been referred to as a disability in any correspondence from the doctor or from Mr. Battle. Mr. Phillips said the doctor's letter dated October 1998 said Mr. Battle's stress was due to grievances he had with the agency, but that his prognosis was good and if those legal actions were abided by then Mr. Battle would be able to return to work. It is Mr. Phillps' understanding that Mr. Battle's claims against the agency were resolved in mid-November 1998 and that Mr. Battle signed a settlement agreement on November 9, 1998. Based on that information, Mr. Phillips believes that Mr. Battle, who had been out of the office for approximately five months at that point, should have been able to return to work on January 4, 1999. Mr. Phillips stated that he asked Mr. Battle to have his doctor provide medical documentation identifying his current diagnosis, prognosis, and what, if any, risk would be involved by him returning to work either full or part time. Mr. Phillips said he did receive a letter from the doctor which stated Mr. Battle's prognosis was good but that he could not return to work at that time. Mr. Phillips' letter, which Mr. Battle is basing this complaint on, dated January 22, 1999 directed him to return to work on February 16 because the doctor's letter did not address why Mr. Battle could not return to work on a least a part time basis and it also did not specify why he could not return to work while continuing his treatment. Mr. Phillips stated that he felt the doctor's letter did not include sufficient medical documentation to support Mr. Battle's continued absence.

When asked about transferring Mr. Battle's 252 hours of Traumatic Injury Leave/Continuation of Pay to sick leave against Mr. Battle's wishes, Mr. Phillips explained that the Department of Labor denied two Traumatic Injury claims from Mr. Battle and it is governmental policy that if claims are denied then any traumatic injury leave must be converted to annual or sick leave or be seen as an overpayment or debt to the government. He stated that he had no choice but to convert the leave and he gave Mr. Battle a

choice of what type of leave he wanted to convert it to, annual or sick, and Mr. Battle's only response was to leave the time as it was originally reported.

Regarding Mr. Battle's complaint that Mr. Phillips discriminated against him due to reprisal, he stated that he has not been privy to any of Mr. Battle's previous EEO complaints, or any of the details involved, which took place before Mr. Phillips came to be the manager of ARX-100. Therefore, there is no merit to Mr. Battle's claim of reprisal.

Regarding the issue of age discrimination, Mr. Phillips stated that he never stated or made any reference that he wanted to force Mr. Battle out of the agency and bring in younger employees. Mr. Phillips says he told Mr. Battle that the office was hurting without his expertise and they need him to return to work.

Regarding the issue of sex discrimination, Mr. Phillips stated that the decision to allow the female employee to go on a detail to another region in order to care for her ill daughter was a humanitarian decision. The woman's daughter was having a risky pregnancy and it was a management decision to allow her to go. The woman has since accepted a position in that region and is still currently working there. Mr. Phillips says that Mr. Battle's claim that he did not allow Mr. Battle to go on a detail opportunity to the AND organization is untrue. Mr. Phillips explained that when Mr. Battle made the request, Mr. Phillips was agreeable but it was the AND organization that decided against it. The AND organization stated that they would be having a bid for a job opportunity coming out for the position Mr. Battle wanted to be detailed to, and AND did not want it to appear that Mr. Battle had been preselected or was being groomed for the position. Mr. Battle became upset when finding out about this decision and told Mr. Phillips that he was not allowed to go on the detail because the Deputy Director of AND did not like him. Mr. Phillips stated that he called AND and inquired as to why Mr. Battle wasn't allowed to go on the detail and he was given the same explanation pertaining to the bid for the job opportunity. However, the AND organization was willing to let Mr. Battle go on a 30-day detail to their offices but Mr. Battle declined this opportunity stating he thought AND might retaliate against him in some way. Mr. Phillips also said that Mr. Battle told him that he knows he was trying to help him because Mr. Phillips had allowed him to go on a two week detail in the past.

Mr. Phillips stated that he has nothing to do with Mr. Battle's complaint that the agency handles the EEO complaints of African American employees in a less timely manner than those of White employees. He reiterates that he was not Mr. Battle's manager when those complaints took place which was in the 1992 timeframe.

When reviewing the list of remedies, Mr. Phillips said since all of Mr. Battle's allegations were false none of the remedies could be granted. The meeting was concluded with Mr. Phillips stating that he is willing to sit down and talk with Mr. Battle in an attempt to clear up any misconceptions which have triggered this complaint.

## I)    SUMMARY OF INFORMATION GIVEN TO AGGRIEVED PERSON/AGENCY BY COUNSELOR

I spoke with Mr. Battle on February 18, 1999, and briefed him on my meeting with Mr. Phillips, explaining to him that Mr. Phillips found all the allegations to be false and that no remedies were granted. Mr. Battle stated that he wanted to conclude his counseling period and be given the necessary paperwork to proceed to the next step. Mr. Battle was given his final interview and the application for filing a formal complaint.

## J)  ATTACHMENTS

1.  Initial Contact for EEO Counseling
2.  EEO Counselor Checklist
3.  Aggrieved Person's Rights and Responsibilities
4.  Participation in the Mediation Program – Acceptance/Declination
5.  Notice of Final Interview with EEO Counselor
6.  Document from Mr. Battle outlining his issue and bases, and remedies (undated)
7.  Memo dated 2/4/99 from Mr. Phillips to Mr. Battle, SUBJECT:  Response to your letter of January 21, 25, and 28
8.  Letter dated 1/28/99 from Mr. Battle to Mr. Phillips
9.  Memo dated 1/22/99 from Mr. Phillips to Mr. Battle
10. Memo dated 1/15/99 from Helen Robinson, Senior Special Agent for Complaint Center Operations, to Mr. Battle
11. Document dated 1/14/99, from previous EEO Counselor documenting her meeting with Mr. Phillips
12. Letter dated 1/12/99 from Dick Brown, Ph.D., Licensed Psychologist to Mr. Phillips
13. Memo dated 1/8/99 from Mr. Phillips to Mr. Battle, SUBJECT:  Response to Your Requests Regarding Time and Attendance Issues
14. Letter dated 12/24/98 from Mr. Battle to Mr. Phillips
15. Letter dated 9/12/98 from Mr. Battle to Mr. Phillips
16. Dept. of Labor Authorization for Examination And/Or Treatment dated 9/11/98
17. Dept. of Labor Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Connection dated 9/4/98, for injury occurring on 9/3/98
18. Dept. of Labor Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Connection dated 9/4/98, for injury occurring on 8/5/98
19. Memo dated 8/20/98 from Mr. Phillips to Mr. Battle
20. Copy of photograph dated 2/20/98
21. CC:Mail dated 2/17/98 from Mr. Phillips to Distribution List, SUBJECT:  Off site meeting ARX-100
22. CC:Mail dated 1/29/98 from Stanley Grubaugh to Distribution List, SUBJECT:  ARX-100 Off Site

Tev Hatcher



Author: Beth Henderson at AWAABZ
Date: 4/16/99  9:00 AM
Normal
TO: Jack Phillips at AWAATSSC
BCC: Beth Henderson
Subject: Your Statement
----------------------------------- Message Contents

Jack,

Thanks for talking with me this morning.  I'm providing you with the
statements you made to me during my initial interview to make sure you
have a copy of it for your files.  Rather than attach it as an MS Word
document, I'll provide you with the text in this message:

Interview with Jack Phillips:  April 9, 1999 - I met with Jack
Phillips, Mr. Battle's supervisor, 366-2693. He declined a
representative. Together, we discussed Mr. Battle's base(s) and
issues, along with the requested remedies. I shared what information
I had received from Mr. Battle. Mr. Phillips was surprised I had such
little background on this case and felt Mr. Battle had left out
pertinent information. Mr. Phillips supplied me with previous
letters, time cards, and the paperwork connected with Mr. Battle's
Traumatic Injury (attached as background). Mr. Phillips explained
that his organization had been reduced from 15 to 8 people yet
retained the same workload. Other people, as well as Mr. Battle, were
asked to absorb the workflow. Mr. Phillips said he asked Mr. Battle
if he would take over a program since the other person working it had
left. Mr. Phillips said Mr. Battle seemed eager to do the project.
Mr. Phillips said he told Mr. Battle he would be there every step to
help as Mr. Battle work the project. Mr. Phillips went on to say Mr.
Battle had received a 2-week detail in AOP-200 prior to asking for an
additional AOP-200 detail. Mr. Phillips said that the AOP-200 manager
had rescinded the detail offer because AOP-200 decided to bid the job.
According to Mr. Phillips, the AOP-200 manager felt it would not look
right having Mr. Battle detailed to the position while the job was out
for bid, not wanting it to look like pre-selection or pre-grooming
should Mr. Battle be selected.  When Mr. Phillips told Mr. Battle
the detail had been rescinded, Mr. Battle was visibly disappointed.
Mr. Phillips called the AOP-200 manager and asked if the detail could
be made for 1 month due to Mr. Battle's disappointment. The AOP-200
manager agreed. But when Mr. Phillips presented this to Mr. Battle,
Mr. Battle declined the detail saying there would be retaliation while
in AOP-200. Mr. Phillips said he has 6 African-American people
working for him (4 are non-supervisory 15's, 2 male and 2 female). Of
the 6, 3 mail and 3 female. I offered mediation to Mr. Phillips but
he felt Mr. Battle would not be receptive to what he would have to
say. With regards to the phone calls to Mr. Battle's home, as Mr.
Phillips was about to dial Mr. Battle to reference his leave slip, Mr.
Locke entered Mr. Phillips office who is part of the Management Team.
Mr. Phillips felt it was ok for Mr. Locke to be present during the
conversation and informed Mr. Battle of Mr. Locke's presence as soon
as Mr. Battle answered the phone. He had called Mr. Battle at home to
inform him of incomplete information on his leave slip, SF 71. After
this conversation was over, Mr. Battle sent a letter to requesting Mr.
Phillips not to call him at his home anymore.  Mr. Phillips said he

hearing from Mr. Phillips early next week with his reply.

If you have any questions, please call me.

Beth Henderson
EEO Counselor, 267-9892







U.S. Department
of Transportation
**Federal Aviation
Administration**

Director, Air Traffic System
Requirements Service

800 Independence Ave, SW
Washington, DC 20591

**JAN 22 1999**

Mr. Lawrence Battle
6920 100th Avenue
Seabrook, MD 20706

Dear Mr. Battle:

As indicated in the subject line, this letter has two purposes. First, I want to notify you
of my decision to convert your 252 hours of Traumatic Injury Leave to sick leave. I
will submit the amendment to payroll on Wednesday, January 27, 1999. As you are
aware, I have requested that you advise me as to the type of leave you wish to have the
Traumatic Injury Leave converted to in three consecutive letters. The first was dated
December 10, 1998, the second was December 22, 1998, and the third on January 8,
1999. In your December 24 letter to me, you requested that I not change any time and
attendance record until I had a final decision and guidance from the Department of
Labor. To date, you have not submitted any further information regarding this issue.
Yesterday, I was notified that on December 8, 1998 the Department of Labor denied
your second claim for Traumatic Injury. Thus, the Department of Labor has now
denied both of your claims for compensation (i.e., the one for August 5, 1998 and the
second on September 3, 1998). As stated in my January 8th letter and as indicated in
Block 15 of the CA-1 form, the 252 hours of Traumatic Injury Leave/Continuation of
Pay must now be converted to annual or sick leave or be deemed and overpayment or
debt to the government. Since you have cited medical reasons as the basis for your
absence and you have a sufficient amount of accrued sick leave, I have converted the
252 hours of Traumatic Injury Leave to sick leave. If you wish to have any or all of
these hours changed to annual leave or a mix of annual and sick, please notify me in
writing. Next, as I noted in my January 8th letter, I expected based on Dr. Dick Brown's
letter of October 22, 1998 that you should have been able to return to work on January
4, 1999. In response to my letter you hand delivered a letter dated January 12 from Dr.
Brown in which he states that you were unable to return to duty at that time, but that
your prognosis remains good with continued treatment. Dr. Brown did not address why
you could not return to duty on at least a part time basis nor did he specify why you
could not return to duty while simultaneously continuing treatment. Your doctor states
that he does not understand the phrase "risk avoiding value of returning to work". This
phrase is common throughout the federal sector when employees are absent from work

2

do to medical reasons. Basically, it answers the question, "How is the employee's medical well being effected by returning to duty."

As of February 5, 1999, you will have been absent from duty for six months. Projects that were assigned to you prior to your departure have been temporarily reassigned to your colleagues causing an additional burden for them at a time that the overall work of the office is increasing. The medical documentation submitted to date lacks sufficient details to support your continued absence. Further, the issues that originally prompted your absence have been resolved since November 1998. For these reasons, I am directing that you return to duty at your normal starting time on Tuesday, February 16, 1999, since Monday is President's Day. I will approve your sick leave to that date to permit you additional time with Dr. Brown to prepare for your transition back to work.

I will be out of the office from February 1 through February 15, 1999. If you need to contact me you may reach me at the office Tuesday, January 26 through Friday, January, 29, 1999. My number is (202) 366-9398.

Sincerely,

Jack Phillips
Division Manager, ARX-100

# Dick Brown, Ph.D.
### ◆ ◆ ◆
Counseling Psychologist ◆ 9055 Shady Grove Court ◆ Gaithersburg, MARYLAND 20877 ◆ USA
Phone 301 369-1712 ◆ Email picasso345@aol.com

January 12, 1999

Jack Phillips
Division Manager, ARX-100
800 Independence Avenue SW
Washington, DC 20591

Dear Mr. Phillips:

I completed a Forensic Psychological Evaluation on Larry Battle on November 12, 1998. The 11 page evaluation was received by the Department of Labor on November 16. The work was performed based on Form CA 16 which you authorized on September 11, 1998. My findings indicated that Mr. Battle suffers from a generalized anxiety disorder causally related to the work environment.

At this time Mr. Battle is unable to return to duty because of his anxiety. His prognosis remains good with continued treatment. Unfortunately, I can not respond to your request regarding information about "risk avoiding value of returning to work" because I am unfamiliar with the phrase.

Sincerely,

Dick Brown, Ph.D.
Licensed Psychologist

This

6920 100th Avenue
Seabrook, MD 20706
January 28, 1999

**CERTIFIED MAIL:**
**RETURN RECEIPT:** Z490077388

Jack Phillips, Manager, ARX-100
Federal Aviation Administration
Nassif Building, Room 8206
400 7th Street, S.W.
Washington, D.C. 20590

Dear Mr. Phillips:

This is in response to your letter dated January 22, 1999.  As directed in your letter, I will report to work on February 16, 1999 at my normal starting time 7:00am per the signed agreed Form WA-3600-2.

As you are aware my doctor has advised you that I suffers from a generalized anxiety disorder casually related to the work environment.

Eventhough, returning to my previous work environment without any accommodation and against my doctor's advise and counseling; please be assured that I will attempt to assume all the duties of my Management and Program Analyst position with the Federal Aviation Administration.

Sincerely,

Lawrence Battle

cc: Department of Labor, Office of Workers' Compensation.  File No.  A25-0530406

   Jane F. Garvey, Administrator, Federal Aviation Administration, AOA-1

   James Washington, Director Air Traffic Requirements Service, ARS-1

ATTACHMENT:  Letter dated January 22, 1999, from Jack Phillips, Manager, ARX-100

# Dick Brown, Ph.D.
### ◆◆◆
Counseling Psychologist ◆ 9055 Shady Grove Court ◆ Gaithersburg, MARYLAND 20877 ◆ USA
Phone 301 369-1712 ◆ Email picasso345@aol.com

February 22, 1999

Jack Phillips
Division Manager, ARX-100
800 Independence Avenue SW
Washington, DC 20591

Dear Mr Phillips

Mr. Battle's anxiety continues to prevent him from performing his duties at FAA Headquarters. His prognosis continues to be good although his recent return to work (February 16 and 17, 1999) was psychologically ill advised and caused a resumption of the anxiety which I clearly documented in the opinion from the Forensic Psychological Evaluation of November 12, 1998.

Mr. Battle needs at least six weeks of medical leave because of the work related stress. It is my opinion that he will never recover from the workplace induced disability unless he works in an "operations" sort of position in an environment totally different than his current situation

Mr Battle granted permission to release the attached Mental Heath Treatment Plan. This is a confidential medical document which is for your eyes only to help you better understand Mr. Battle's mental disability and course of treatment

Sincerely,

Dick Brown, Ph.D.
Licensed Psychologist



# REQUEST FOR LEAVE OR APPROVED ABSENCE

| 1. NAME *(Last, First, Middle Initial)* | 2. EMPLOYEE OR SOCIAL SECURITY NUMBER |
|---|---|
| Bottle, Lawerence | 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 |

**3. ORGANIZATION**

ARK-100

| 4. TYPE OF LEAVE/ABSENCE *(Check appropriate boxes below.)* | DATE From: | To: | TIME From: | To: | TOTAL HOURS | 5. FAMILY AND MEDICAL LEAVE |
|---|---|---|---|---|---|---|
| ☐ Accrued Annual Leave | | | | | | If annual leave, sick leave, or leave without pay will be used under the Family and Medical Leave Act of 1993, please provide the following information: |
| ☐ Restored Annual Leave | | | | | | |
| ☐ Advance Annual Leave | | | | | | |
| ☑ Accrued Sick Leave | 2-23-99 | 4-1-99 | 7:00am | 5:30pm | 240 | ☑ I hereby invoke my entitlement Family and Medical Leave for: |
| ☐ Advance Sick Leave | | | | | | |
| Purpose: ☐ Medical/dental/optical examination of requesting employee ☑ Other ☐ Care of family member/bereavement, including medical/dental/optical examination of family member | | | | | | ☐ Birth/Adoption/Foster Care ☐ Serious Health Condition of Spouse, Son, Daughter, or Parent ☑ Serious Health Condition of Self |
| ☐ Compensatory Time Off | | | | | | |
| ☐ Other Paid Absence *(Specify in Remarks)* | | | | | | Contact your supervisor and/or your personnel office to obtain additional information about your entitlements and responsibilities under the Family and Medical Leave Act of 1993. |
| ☐ Leave Without Pay | | | | | | |

**6. REMARKS:** For a Continuancy treatment of a serious health condition. I will substitute sick leave in lieu of Leave without pay.

**7. CERTIFICATION:** I hereby request leave/approved absence from duty as indicated above and certify that such leave/absence is requested for the purpose(s) indicated. I understand that I must comply with my employing agency's procedures for requesting leave/approved absence (and provide additional documentation, including medical certification, if required) and that falsification of information on this form may be grounds for disciplinary action, including removal.

EMPLOYEE SIGNATURE *Lawerence Bottle*          DATE 2-23-99

**8. OFFICIAL ACTION ON REQUEST:**     ☐ APPROVED          ☐ DISAPPROVED

*(If disapproved, give reason. If annual leave, initiate action to reschedule.)*

SIGNATURE                                              DATE

## PRIVACY ACT STATEMENT

Section 6311 of title 5, United States Code, authorizes collection of this information. The primary use of this information is by management and your payroll office to approve and record your use of leave. Additional disclosures of the information may be: To the Department of Labor when processing a claim for compensation regarding a job connected injury or illness; to a State unemployment compensation office regarding a claim to Federal Life Insurance or Health Benefits carriers regarding a claim; to a Federal, State, or local law enforcement agency when your agency becomes aware of a violation or possible violation of civil or criminal law; to a Federal agency when conducting an investigation for employment security reasons; to the Office of Personnel Management or the General Accounting Office when the information is required for evaluation of leave administration; or to the General Services Administration in connection with its responsibilities for records management.

Where the employee identification number is your Social Security Number, collection of this information is authorized by Executive Order 9397. Furnishing the information on this form, including your Social Security Number, is voluntary, but failure to do so may result in disapproval of this request.

If your agency uses the information furnished on this form for purposes other than those indicated above, it may provide you with an additional statement reflecting those purposes.

STANDARD FORM 71 (Rev. 12-97)

# Dick Brown, Ph.D.
### ◆◆◆
Counseling Psychologist ◆ 9055 Shady Grove Court ◆ Gaithersburg, MARYLAND 20877 ◆ USA
Phone 301 368-1712 ◆ Email picasso345@aol.com

April 2, 1999

Jack Phillips
Division Manager, ARX-100
800 Independence Avenue SW
Washington, DC 20591

Dear Mr. Phillips,

Mr. Battle's anxiety continues to prevent him from performing his duties at ARS/ARX at FAA Headquarters. His prognosis continues to be good especially if he is transferred. As you know, EAP Coordinator Kim Braun discussed transferring Mr. Battle to another position within FAA. This meeting was with Jim Washington on March 25, 1999

Mr. Battle needs six additional weeks of medical leave because of the work related stress. Once again, I reiterate my opinion that he will never recover from the workplace induced disability unless he works in an "operations" sort of position in an environment totally different than his current situation with ARS/ARX.

I hope the Mental Health Treatment Plan I sent to you on February 22, 1999 offered you some insight into the treatment process and his condition.

Sincerely,

Dick Brown, Ph.D.
Licensed Psychologist

MF4
4/2/99



## REQUEST FOR LEAVE OR APPROVED ABSENCE

| 1. NAME *(Last, First, Middle Initial)* | 2. EMPLOYEE OR SOCIAL SECURITY NUMBER |
|---|---|
| Battle Lawerence | 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 |

**3. ORGANIZATION**

ARX-100

| 4. TYPE OF LEAVE/ABSENCE *(Check appropriate boxes below.)* | DATE From: | DATE To: | TIME From: | TIME To: | TOTAL HOURS | 5. FAMILY AND MEDICAL LEAVE |
|---|---|---|---|---|---|---|
| ☐ Accrued Annual Leave | | | | | | If annual leave, sick leave, or leave without pay will be used under the Family and Medical Leave Act of 1993, please provide the following information: |
| ☐ Restored Annual Leave | | | | | | |
| ☐ Advance Annual Leave | | | | | | |
| ☐ Accrued Sick Leave | 4-6-99 | 5-17-99 | 7:00 am | 5:30 PM | 240 | ☐ I hereby invoke my entitlement Family and Medical Leave for: |
| ☐ Advance Sick Leave | | | | | | |

Purpose: ☐ Medical/dental/optical examination of requesting employee   ☑ Other *See REMARKS*
☐ Care of family member/bereavement, including medical/dental/optical examination of family member

☐ Birth/Adoption/Foster Care
☐ Serious Health Condition of Spouse, Son, Daughter, or Parent
☐ Serious Health Condition of Self

| ☐ Compensatory Time Off | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Other Paid Absence *(Specify in Remarks)* | | | | | | Contact your supervisor and/or your personnel office to obtain additional information about your entitlements and responsibilities under the Family and Medical Leave Act of 1993. |
| ☐ Leave Without Pay | | | | | | |

**6. REMARKS:** Work related Stress

**7. CERTIFICATION:** I hereby request leave/approved absence from duty as indicated above and certify that such leave/absence is requested for the purpose(s) indicated. I understand that I must comply with my employing agency's procedures for requesting leave/approved absence (and provide additional documentation, including medical certification, if required) and that falsification of information on this form may be grounds for disciplinary action, including removal.

EMPLOYEE SIGNATURE   *Lawerence Battle*          DATE  4-2-99

| 8. OFFICIAL ACTION ON REQUEST: | ☐ APPROVED | ☐ DISAPPROVED |
|---|---|---|

*(If disapproved, give reason. If annual leave, initiate action to reschedule.)*

SIGNATURE                                    DATE

### PRIVACY ACT STATEMENT

Section 6311 of title 5. United States Code, authorizes collection of this information. The primary use of this information is by management: and your payroll office to approve and record your use of leave. Additional disclosures of the information may be: To the Department of Labor when processing a claim for compensation regarding a job connected injury or illness; to a State unemployment compensation office regarding a claim; to Federal Life Insurance or Health Benefit carriers regarding a claim; to a Federal, State, or local law enforcement agency when your agency becomes aware of a violation or possible violation of civil or criminal law; to a Federal agency when conducting an investigation for employment or security reasons; to the Office of Personnel Management or the General Accounting Office when the information is required for evaluation of leave administration; or to the General Service Administration in connection with its responsibilities for records management.

Where the employee identification number is your Social Security Number, collection of this information is authorized by Executive Order 9397. Furnishing the information on this form, including your Social Security Number, is voluntary, but failure to do so may result in disapproval of this request.



6920 100th Avenue
Seabrook, MD 20706
April 2, 1999

James H. Washington, Director
Air Traffic System Requirements Service, ARS-1
Federal Aviation Administration, Nassif Building, Room 8206
400 7th Street, S.W.
Washington, D.C. 20590

Dear Mr. Washington:

It is my understanding that on March 25, 1999, you and EAP Coordinator (Kim Bram) discussed transferring me from the ARS/ARX organization to another position within the FAA. She was supportive of the transfer because it would be a "win-win" situation for all parties.

The purpose of this letter is to ascertain the status of my transfer request. Since Dr. Brown has recommended that I not return to the ARS/ARX organization for six weeks period effective April 6, 1999, I am anxious to find another position within the agency.

As you know on December 15, 1998, I discussed a transfer for me with Joe Justiniano, Acing Program Director, Plans and Performance Directorate, ARX-1. Moreover, I understand that Albert Douglas, Acting ARS-2, discussed a transfer for me with John Staples and Joe Justiniano prior to his October 3, 1998 retirement.

Please let me know the status of my transfer request as soon as possible.

Sincerely,

*Lawrence Battle*

Lawrence Battle

MEH
APR - 2 1999

13



# GAYWOOD ELEMENTARY SCHOOL

### 6701 97TH AVENUE
### SEABROOK, MARYLAND 20706

JOYCE A TESKE
PRINCIPAL

TELEPHONE  301-918-8730
FAX  301-918-8560

RHONDA MUNSON

DIAGNOSTIC WING
TELEPHONE  301-918-8734

MARCH 24, 1998

TO:        FEDERAL AVIATION ADMINISTRATION

FROM:    JOYCE TESKE, PRINCIPAL


    Mr. Battle has graciously consented to be a judge for our Science Fair which will be held on Thursday, March 26, 1998.
    We would like to express our sincere appreciation to you for allowing Mr. Battle to work with our students and staff.  It is through our cooperative efforts that we are able to put our children first.

Sincerely,

Joyce A. Teske

Joyce A. Teske, Principal



71-112

OFFICE OF PERSONNEL MANAGEMENT
FPM Supp. 990-2 § 2-8

**APPLICATION FOR LEAVE**

**INSTRUCTIONS:** Please complete items 1–8 after reading the Privacy Act Statement shown below.

| 1. Name (Print or type—Last, First, M.I.) Battle, Lawrence | | | | | 2. Employee I.D. Number 25-7-74-9747 | |
|---|---|---|---|---|---|---|
| 3. Organizational Unit ARX-103 | 4-A FROM: | Month 3 | Day 25 | Hour 7:00 | A.M. P.M. | 4-C Total Number of Hours |
| 3. I hereby request (If more than one box is checked, explain in Item 6. Remarks) | 4-B TO: | Month 3 | Day 25 | Hour 5:30 | A.M. P.M. | 10 |

☒ Annual Leave. (Annual leave requested may not exceed the amount available for use during the leave year.)

☐ Sick Leave. (Complete reverse side of form.)

☐ Leave Without Pay.

☐ Compensatory Time.

☐ Other. (Specify)

6. Remarks To participate as a judge in Gaywood Elementary School fair with the students & staff. Requesting annual leave for participation of judging.

| 7. Employee's Signature Lawrence S Battle | 8. Date (Month Day Year) 3-24-99 |
|---|---|

---

**OFFICIAL ACTION ON APPLICATION**

| ☒ Approved | ☐ Disapproved (If disapproved, give reason. If annual leave, initiate action to reschedule.) | Signature (Annual leave approval may not exceed the amount available for use during the leave year.) Carl Phillips | Date (Month Day Year) 3-25-99 |
|---|---|---|---|

NSN 7540-00-753-5067



Author: Larry Battle . WAATS5A
Date:    3/27/98  8:04
Priority: Normal
Receipt Requested
TO: Jose Justiniano, Jack Phillips at AAT005PO, John Staples
Subject: Re: Leave

Hi John:
The science fair was very successful. NASA a federal government
agency sponsored 14 of its employees to participate in this event.
The 14 employees were mostly scientists and engineers all were on
government time. This is an annual event, the school requested me to
speak to FAA officials about getting participation from the FAA in the
future. The school is trying to get enough participation from federal
agencies to continue this annual event.

I had a conversation with one on NASA participant's (NASA safety
engineer leader), it appears that there may be a link between what he
is doing in safety and what our ARX-100 group (Elvia, Bruce and Frank)
is developing.

CK indicated that he do not have a problem with granting
administrative leave to participate in the school science fair as a
judge and to work with the students and staff. However, if the ARX
management team feels that I am required to use annual leave to
participate in the school event, I do not have a problem with that.
Larry

_____ Reply Separator _____
Subject: Leave
Author: John Staples at AWAATS5A
Date:    3/25/98 5:29 PM


CK advised me that the results of the order search for your school
engagement. Please talk to me and I'll relate the whole thing. You
were not in when I came by this afternoon.
John

Date:      3/27/98   9:34 AM
Priority: Normal
TO: Larry Battle
Subject: Receipt of 3/27/98 8:04 AM message

Re:Re: Leave





Jack Phillips Shooting Pool
At the Capitol Lounge during
duty hours (on the clock)

This was provided to the EEO
Counselor in a Previous Complaint
Against Mr. Phillip.

Ted,
We have mad usage &
picture of Jack Phillips
using pool during
duty hours, which I
submit to the EEO
[illegible] against Jack Phillips

TAB

17

Date:    2/17/98   3:49 PM
Priority: Normal
TO: Richard Acosta, Gregg Anderson, Larry Battle at AWAATS5A, Jeff L Breunig at AWAATS5A,
    Francis Earhardt, Mary Foster, Stanley E Grubaugh, Bruce Henry at AWAATS5A,
    Bob Hensen at AWAATS5A, Steve Norbrey at AWAATS5A, Jack Phillips,
    Pilar Madera at AWAATS5A, Elvia Rivera, Alfred Smith, John Thornton at AWAATS5A
Subject: Off site meeting ARX-100

    Hi all,  Just to remind you all we are planning an off site meeting
    this Thursday noon.  We plan to go to the Capital Lounge, Pennsylvania
    and second, Metro stop Capital South two blocks on Penn to lounge.
    The menu on sandwiches is between $5.00-7.00 specials $7.25.  There is
    a side room they will set us up in and for those that would like there
    is a cigar lounge down stairs they would open up for us.  Jack will
    acquire the cigars freshly imported from a cigar manufacturer in New
    York.

    Lets discuss at the staff meeting Wednesday AM.  If everyone is in
    agreement Jack will confirm it with Capital Lounge.

    Jack

-------ty: Normal
TO: Larry Battle
Subject: Receipt of 3/27/98 8:04 AM message

Re:Re: Leave

TAB

18



**U.S. Department of Transportation**

Office of the Secretary
of Transportation

Office of Inspector General

JAN 1 5 '999

Mr. Lawerence Battle
6920 100th Avenue
Seabrook, MD 20706

Dear Mr. Battle:

This is in response to your complaint of December 21, 1998, to the U.S.
Department of Transportation, Office of Inspector General alleging
falsification of your time and attendance records by Mr. Jack Phillips, Federal
Aviation Administration.

We have entered your complaint into our Hotline complaint system and will be
initiating a review. We appreciate you providing us an opportunity to look into
this matter.

Sincerely,

Helen L. Robinson
Senior Special Agent for
Complaint Center Operations