UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
LAWERENCE BATTLE,              :
                               :
        Plaintiff,             :
                               :
    v.                         :  Civil Action No. 05-1412 (JR)
                               :
NORMAN Y. MINETA, Secretary,   :
Department of Transportation,  :
                               :
        Defendant.             :
```

**MEMORANDUM**

Plaintiff Lawerence Battle, a former Federal Aviation Administration (FAA) employee, sues under Title VII of the Civil Rights Act of 1964 for race discrimination and retaliation, and under the Rehabilitation Act of 1973 for failure to accommodate a disability. The government moves to dismiss or for summary judgment, and plaintiff cross-moves for summary judgment. The motion to dismiss will be **granted**, because Mr. Battle's claims are precluded by the doctrine of *res judicata*. The reasons for this ruling are explained below.

*Res judicata* bars the relitigation of a cause of action when a prior case involving the same parties or their privies resulted in a final judgment on the merits in a court of competent jurisdiction. I.A.M. Nat'l Pension Fund v. Indus Gear Mfg. Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983); Parklane Hoisery Co. V. Shore, 439 U.S. 322, n.5 (1979). The doctrine bars litigation, not only of matters that were determined in the

previous litigation, but also of issues that could have been raised in that action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); Appalachian Power Co. V. EPA, 251 F.3d 1026, 1033 (D.C. Cir. 2001).  The D.C. Circuit employs the transactional approach when determining whether two cases involve the same 'cause of action' for purposes of *res judicata*.  U.S. Industries, Inc. v. Blake Constr. Co., 765 F.2d 195, 205 (D.C. Cir. 1985).  This approach requires consideration of "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations[.]"  Id.

In October 2001, Mr. Battle sued the Secretary of Transportation for racial discrimination and retaliation under Title VII and for failure to accommodate a disability under the Rehabilitation Act (Civil Action No. 01-2213), complaining of his treatment by and discharge from the FAA.[1]  In September 2005 I granted summary judgment for the defendant.  Battle v. Mineta, 387 F. Supp. 2d 4 (D.D.C. 2004), affirmed, 2006 U.S. App. LEXIS 13284 (D.C. Cir.), rehearing en banc denied, 2006 U.S. App. LEXIS 21359 (D.C. Cir.).

---

[1] This is actually the third suit Mr. Battle has filed about his employment at the FAA.  The first, Battle v. FAA, No. 01-1350, was for enforcement of a purported arbitration award and was dismissed, Order of March 24, 2003, Dkt. #11, affirmed No. 03-5120 (D.C. Cir.) January 11, 2005.

On July 15, 2005, after the government's summary judgment motion in the first suit was fully briefed (by his second lawyer – he had fired the first one), but before it was decided, Mr. Battle took matters into his own hands and filed the present complaint, *pro se*.  This suit, narrower than the earlier one, makes two central allegations of fact, (1) the denial of sick leave he needed to accommodate his anxiety disorder, and (2) the assignment of a former co-worker's workload in retaliation for his protected activity.

(1) The sick leave claims are easily disposed of.  They are the same claims, stated in many of the same words, that Mr. Battle made against the same defendant in his earlier complaint.  No. 01-2213, Amended Complaint (Dkt. # 4, ¶¶ 27-37, 41).

(2) Mr. Battle did not make specific allegations about the assignment of his former co-worker's workload in his 2001 complaint.  The allegations in the present case fix the date of this event at February 16, 1999 (Dkt. #1, ¶ 22), however, and the 2001 complaint alleged mistreatment on two days in 1999 (February 16 and 17) when Mr. Battle returned from a lengthy sick leave:

> "32. Despite the fact that Defendant knew of Plaintiff's disability and the record of such impairment and regarded him as disable [sic] Defendant ordered Plaintiff to report for duty on February 16, 1998 [sic].

>    33. Plaintiff complied with Defendant's order and reported to duty on February 16 and 17, 1998 [sic].
>    34. Having returned to duty Plaintiff suffered an exacerbation of his anxiety disorder." Id.[2]

The present allegations of unlawful work reassignment are thus either the same as the "exacerbation" complained of in the earlier case, or they arise from the same "nucleus of facts." See Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984). The claims are "related in time and origin to previous claims of discrimination, [and would have] form[ed] a convenient trial unit with the other allegations." U.S. Industries v. Blake, 765 F.2d at 205.

The fact that Mr. Battle's workload claim had not yet made its way through the EEOC administrative complaint process in 2001 does not bring this case within the exception to the *res judicata* doctrine for claims a plaintiff has not had a full and fair opportunity to litigate, see Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 n. 22 (1982). The exception would apply if the workload claim arose out of facts different from those

---

[2] The 1998 dates are obviously typographical or clerical errors. All other documents describing this sequence of events suggest that his return to work occurred on February 16 & 17 of 1999. See, e.g., Battle v. Mineta, 387 F. Supp. 2d at 6; Def. Mot. to Dismiss at 2; Pl. Mem. At 3, 5. The excerpt of his doctor's letter clarifies that his return to work, the assignment of a former co-worker's workload, and the exacerbation of his anxiety problems all occurred over the same two days in February of 1999, ("his recent return to work (February 16 and 17, 1999) was psychologically ill advised and caused a resumption of the anxiety [previously diagnosed],") Pl. Mem. Ex. 1 at 4.

involved in the earlier case, see Velikonja v. Ashcroft, 355 F.Supp.2d 197, 204 (D.D.C. 2005) (filing a second related suit after exhausting administrative remedies, rather than amending an initial suit, is appropriate if the second suit concerns facts occurring after initial suit was filed).  But the workload claim here was "based on events that occurred prior to" the date Mr. Battle filed his complaint the earlier case, events that were "part of the same set of events as those already litigated." Id., citing Apotex, Inc. v. Food and Drug Admin., 393 F.3d 210, 217-18 (D.C. Cir. 2004); U.S. Indus. v. Blake Construction Co., 765 F.2d 195, 205 (D.C. Cir. 1985).

*   *   *   *   *

An appropriate order accompanies this memorandum.


					JAMES ROBERTSON
				United States District Judge