UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lawerence Battle | ) |
| Plaintiff | ) |
| v. | ) Civil Action No: 05-1412 (JR) |
| Norman Y. Mineta<br>Secretary of Transportation | ) |
| Defendant, | ) |

### PLAINTIFF'S SUPPLEMENTAL DOCUMENT AND INFORMATION THAT SUPPORTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now, Lawerence Battle, Pro Se Plaintiff in the above styled matter, submits this memorandum with information and documentary material evidence that the Agency has destroyed documents it is required to maintain which is grounds for summary judgment in Plaintiff's favor

I received a letter dated August 28, 2006, from the Agency wherein the Agency documented "Since you have not been employed with the FAA for 6½ years, many documents have been discarded since they were no longer needed."

This pending complaint of discrimination and retaliation against Plaintiff was filed with the U.S. Department of Transportation, Office of Civil Rights on May 4, 1999. The Agency is required to preserve all pertinent records during the pendency of an Equal Employment Opportunity discrimination complaint.

In Plaintiff's motion for summary judgment based on undisputed facts supported by documentary material evidence filed in this court on December 21, 2005, under Plaintiff statement of facts page 8 top of page lines 4 thru 6 Plaintiff documented and

RECEIVED
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

provided documentary material evidence that the Agency testified that it destroyed Plaintiff's medical records completed by Dr. Brown, which was submitted to the Agency by plaintiff's attorney Charles Chester. We are talking about an excess of 500 pages of documents the Agency has validated it destroyed.

I received a letter dated August 28, 2006, from the Agency advising me that it has destroyed many records from my official personnel Folder. This is ground for the court to grant summary judgment favorable to Plaintiff's. **Ref. Exhibit 1.** I request the court to accept exhibit 1, which is documentary material evidence that the Agency has destroyed records, which it is required to maintain. **Records are generally admissible under Fed. Evid.R.803.**

The Agency has destroyed medical records and many pertinent records from Plaintiff's Official Personnel Folder that will prove the Agency discrimination and retaliation against Plaintiff.

Summary Judgment can be granted based on undisputed facts. The Agency has not disputed these genuine issue of material facts that the Agency destroyed documents it is required to maintain. Plaintiff is entitled to prevail as a matter of law. Federal Rule of civil procedure 56 permits plaintiff to move for summary judgment. One reason but not the only reason that Plaintiff motion for summary judgment should be granted, is that defendant has not complied with rules of procedure that require a party opposing a motion for summary judgment to set forth specific facts showing that there is a genuine issue for trial, and in this court to file a statement of genuine issue of material fact that Defendant asserts are true. Fed. R. Civ. P. 56(e); LCvR 7(h); See Jackson v. Finnegan, Henderson, Farabow, Garreh & Dunner, 101 F. 3d 145 (D.C. Cir. 1996).

2

Another reason for summary judgment is the Agency has destroyed pertinent documents it is required to maintain.

Plaintiff sustained a disability traumatic injury in the performance of duty on August 5, 1998. Plaintiff was at home on approved leave approved by the Agency recovering from his August 5, 1998, disability traumatic injury. **Plaintiff was not at work from August 5, 1998 to February 20, 2000, but for two days because Plaintiff was recovering from his disability traumatic injury sustained in the performance of duty.** The Agency directed Plaintiff to report to duty, plaintiff returned to work as directed by the Agency, upon his return the Agency assigned him a former employee workload in addition to his own work load, which caused a severe resumption/reoccurrence of his known medical condition. On February 18, 1999, the Agency approved leave and place Plaintiff back on sick leave due to the workplace stress plaintiff was subjected to on February 16 & 17, 1999. When Plaintiff sustained his disability traumatic injury he had accumulated approximately 3,000 hours of sick leave. Plaintiff had several hundred hours of accrued sick leave on February 20, 2000. **The U.S. Department of Labor, Office of Workers' Compensation Programs (OWCP) advised the Agency in writing that Plaintiff sustained a disabling traumatic injury in the performance of duty on August 5, 1998 and is entitled to Federal Employees Compensation Act (FECA) benefits. These are undisputed facts.**

In accordance with the FECA law, U.S. Department of Labor and Office of Personnel Management regulations, procedures and guidelines, Plaintiff has employment retention and restoration rights upon partial of fully recovery from his disability traumatic injury sustained in the performance of duty. Agency is aware of law. **Ref. Exhibit 2.**

3

Recently, the Agency submitted a letter to plaintiff instructing him to submit himself to a complete medical evaluation to get a status of his disability traumatic injury and work capacity. The medical evaluation record completed by Dr. Sheehan was submitted to OWCP by the Agency for OWCP to make a decision on him returning to work. OWCP contacted the Agency during April 2006, regarding returning Plaintiff to work under the Return to Work Program in accordance with the FECA law.

The Agency informed OWCP that it will not return him to duty because he was terminated for **disciplinary and adverse actions based on his performance and conduct.** And he filed EEO complaints against the agency and **sued the Agency in court.** The Agency never took a disciplinary and adverse action against Plaintiff and cannot produce any record of disciplinary action against Plaintiff. Agency is intentional providing false information. Plaintiff requested record of all disciplinary and adverse action taken against him by the Agency based on his performance and conduct covering the period from March 1, 1997 to February 20, 2000. **No record could be located by the Agency.** The Agency never took a disciplinary and adverse action against Plaintiff during his entire FAA career. **Defendant has misled this court to believe that Plaintiff employment was terminated because Plaintiff left work unauthorized on August 5, 1998, then some 17 months later appeared for work and the Agency took an adverse action against him for his absence and terminated his employment.** Not once has Defendant advised this court that plaintiff sustained a disabling traumatic injury in the performance of duty on August 5, 1998, and was at home on approved leave granted by the Agency recovering from his injury except for two days February 16 & 17 1999.

Rather than provide honest, forthright, straightforward and factual information and state the Agency did not take disciplinary and adverse action against Plaintiff, therefore there aren't any records. The Agency documents misleading information that the record are at another location. The Agency did not administer a performance evaluation to Plaintiff the entire period I was in the ARX-100 Division from March 1997 to February 20, 2000, therefore no performance evaluation records are at the SSC in Atlanta, Georgia nor at the National Records Center in St. Louis, Missouri. **The Agency is lying.** If there were records the Agency would produce the records.

**The Agency must be held accountable for intentional providing false information, concealing information that is favorable to Plaintiff, destroying pertinent records and for its deception.** The Agency has a history, pattern and a long-standing practice of destroying documents it is required to maintain. In a previous case filed by Plaintiff, the Agency destroyed the records but, denied destroying the records. However, during the investigation, the Agency admitted it had destroyed all records. The Agency was advised that it shall maintain all records during the pendency of a case.

The Agency shall not be allowed to use these tactics to deter other Agency's employees from filing EEO discrimination complaints against the Agency.

There are hundreds of agency's employees who know Plaintiff, and know how he was treated by the Agency. The Agency uses Plaintiff as an example to deter other employees from filing EEO discrimination complaints against the Agency. Employees are afraid to file a complaint when they know they have been discriminated against because they don't want to happen to them what happen to Plaintiff. To validate this fact please reference Plaintiff motion filed on February 24, 2006, with attached Exhibit 1

5

signed by Dr. Brown on November 12, 1998. Forensic Psychological Evaluation completed by Dr. Brown, on page six, 3rd paragraph, Dr. Brown interviewed Agency employee Chuck Nelms, one who knows plaintiff.

Mr. Nelms stated that he was not selected for a position he applied for despite being the "best and most qualified applicant." Mr. Nelms stated he considered filing an age discrimination complaint but decided not to. His reason was as follows: **"I wasn't going to let the organization do to me what it had done to Larry (Plaintiff). I was wronged but I let go because I wouldn't want what happened to Larry happen to me."**

This case before this court is about discrimination and retaliation against Plaintiff by the Agency. Friday June 22, 2006, the Supreme Court expanded rights to sue over retaliation on the Job. Ref. case decision, **Burlington Northern and Santa Fe Railway Co, v. Shelia White No. 05-259.** The Supreme court ruled "if the employer's action against an employee could have dissuaded a reasonable worker from complaining in the first place , then it is illegal. In Plaintiff's case, the Agency's action against Plaintiff "dissuaded a reasonable worker (Chuck Nelms) from complaining in the first place. The highest court of this land has ruled this to be illegal.

Plaintiff move this court for summary judgment based on undisputed facts supported by documentary material evidence.

Respectfully submitted,

*Lawerence Battle*

Lawerence Battle, Pro Se
6920 100th Avenue
Seabrook, MD 20706
301-731-4268

6

## CERTIFICATION OF SERVICE

I CERTIFY THAT ON October 6, 2006, I caused the foregoing Plaintiff's Motion for admit supplementary supporting information and Exhibit 1 for Plaintiff's motion for summary judgment to be served on Defendant by first class mail, addressed as follows:

OLIVER W. MCDANIEL
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

*Lawrence Battle*