UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWERENCE BATTLE**             ) | |
| ) | |
|       **Plaintiff,**     ) | |
| ) | |
|   v.                                       ) | Civil Action No. 05-1412 (JR) |
| ) | |
| **NORMAN Y. MINETA,**      ) | |
| Secretary,                        ) | |
| **DEPARTMENT OF**          ) | |
| **TRANSPORTATION**         ) | |
| ) | |
|       **Defendant.**    ) | |
| ) | |

**RESPONSE TO "PLAINTIFF'S SUPPLEMENTAL DOCUMENT INFORMATION THAT SUPPORTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully responds to *pro se* Plaintiff's "supplemental document information that supports Plaintiff's motion for summary judgment." As further discussed below, Defendant contends that Plaintiff's submission should be stricken as moot, given this Court's September 28, 2006 memorandum opinion and order granting Defendant's motion to dismiss. Further, to the extent that the Court could consider Plaintiff's submission as a motion for reconsideration, which Defendant contends the Court should not do, Plaintiff fails to satisfy the standards for reconsideration in this context, so that even if Plaintiff's submission is treated as a motion for reconsideration, it should be denied.

**DISCUSSION**

It is well-established that

> A case is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.' [City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)] (internal quotations omitted). An intervening event may render a claim

> moot if (1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violations. Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 631 (D.C.Cir.2002); Sellers v. Bureau of Prisons, 959 F.2d 307, 310 (D.C.Cir.1992). A case is not moot, however, so long as any single claim for relief remains viable, as the remaining live issues satisfy the case-or-controversy requirement. Tucson Med. Ctr. v. Sullivan, 947 F.2d 971, 978 (D.C.Cir.1991) (internal quotations and citations omitted).

Fund For Animals v. Williams, 311 F.Supp.2d 1, 5-6 (D.D.C. 2004). Here, since the Court has resolved all outstanding claims in this case by its September 28, 2006 decision on Defendant's motion to dismiss, no claim for relief remains viable or "live" for decision. Accordingly, Plaintiff's supplemental submission has been mooted by the Court's decision.

Considering the submission liberally, the Court, in its discretion, could consider Plaintiff's submission as a motion for reconsideration, although Defendant argues against such a decision. Even were the Court to do so, no proper grounds exist for reconsideration. The thrust of Plaintiff's submission concerns an alleged failure by the Department of Transportation to preserve records and certain claimed misleading statements that Plaintiff attributes to the Department. Defendant denies the validity of Plaintiff's new allegations. Further, even if his claims were true, they would not change the outcome of the Court's September 28, 2006 ruling. Plaintiff, as the Court found, was seeking to relitigate claims he had an opportunity to litigate in prior cases that have been fully resolved. In this context, Plaintiff's new allegations about destroyed records and misleading statements do not justify reconsideration of this case. Fed. R. Civ. P. 60; see also Washington v. Thurgood Marshall Academy, 232 F.R.D. 6 (D.D.C. 2005); U.S. v. Pollard, 290 F.Supp.2d 153 (D.D.C. 2003). Moreover, the alleged errors identified by Plaintiff certainly are not inconsistent with

substantial justice. See Williams v. Steuart Motor Co., 494 F.2d 1074 (D.C.Cir. 1974); Fed. R. Civ. P. 61.

WHEREFORE, "Plaintiff's supplemental document information that supports Plaintiff's motion for summary judgment" should be stricken as moot and, if treated as a motion for reconsideration, should be denied.

          Respectfully submitted,

          /s/
          JEFFREY A. TAYLOR, D.C. Bar # 498610
          United States Attorney

          /s/
          RUDOLPH CONTRERAS, D.C. Bar # 434122
          Assistant United States Attorney

          /s/
          OLIVER W. McDANIEL, D.C. Bar #377360
          Assistant United States Attorney
          Civil Division
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 616-0739

October 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October, 2006, I caused the foregoing Response to "Plaintiff's Supplemental Document Information That Supports Plaintiff's Motion for Summary Judgment," to be served on Plaintiff *Pro se* by the Electronic Court Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

**Mr. Lawerence Battle**
**6920 100th Avenue**
**Seabrook, MD 20706**

/s/
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739