# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5424**             **September Term, 2006**

05cv01412

**Filed On: August 9, 2007** [1059616]

Lawerence Battle,
      Appellant

v.

Mary E. Peters, Secretary of Transportation,
      Appellee

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED: 10/5/07
BY:
ATTACHED: __ Amending Order
__ Opinion
__ Order on Costs

    **BEFORE:**    Sentelle, Rogers, and Brown, Circuit Judges

### ORDER

Upon consideration of the motion for summary reversal, the opposition thereto, and the reply; and the motion for summary affirmance, the opposition thereto, the reply, and the surreplies; and this court's order to show cause filed May 3, 2007, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court did not err in dismissing appellant's claims on the basis of res judicata, because such claims are based on the same nucleus of facts as those supporting Battle v. Mineta, 378 F. Supp. 2d 4, 5 (D.D.C. 2005), aff'd, No. 05-5413, 2006 WL 3093811 (D.C. Cir. May 22, 2006), and either were or could have been raised in the prior action. See Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002). To avoid the preclusive effects of res judicata, appellant could have sought a stay of the first action until he received his right-to-sue letter concerning the claims raised in the instant action. See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 314-16 (5th Cir. 2004); Wilkes v. Wyoming Department of Employment Division of Labor Standards, 314 F.3d 501, 505 (10th Cir. 2003) (citing cases).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

BY: _____ Deputy Clerk